**WHITE v. HESSE, Major and Superintendent of Police.**

**No. 5021.**

Court of Appeals of District of Columbia.
Argued March 4, 1931.
Decided April 6, 1931.

W. J. Dow, H. S. Barger and Wm. E. Leahy, all of Washington, D. C., for appellant.

Neil Burkinshaw, R. B. Keech, and V. E. West, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order denying appellant's motion for a preliminary injunction and granting the motion of appellees to dismiss the bill of complaint.

The bill alleges that the plaintiff (now the appellant) is the owner of a large number of automatic vending machines constructed especially for the automatic vending of

candy mints and designed to be stationed in public places in the District of Columbia; that in the operation of such a machine the customer places a nickle coin in a slot and automatically receives in return an ordinary 5-cent package of candy mints. In addition, the customer may or may not receive certain brass disks from two to twenty in number, depending from the chance action of the machinery. The disks may in turn be placed severally in the same slot without causing the delivery of a mint package, but causing the operation of an attachment to the machine thereby automatically exposing to view certain "fortune-telling" legends such as "You will yet live in splendor and plenty," or "You need travel to seek pleasure," or other amusing sentiment. The machine when put in operation by the deposit of a disk may automatically deliver other like disks which in turn may be used to operate the "fortune-telling" part of the machine, but will not deliver another package of mints. When the customer deposits his nickel coin in the slot he is bound to receive the conventional nickel package of mints, but it is a matter of chance whether he will at the same time receive any brass disks or the number he may receive. It is also certain that the machine will expose the fortune-telling legends if a brass disk be placed in the slot, but it is likewise a matter of chance whether at the same time the machine will deliver other brass disks or the number of them. The brass disks have no cash value and are not redeemable in either money or goods, and the only use they can be put to is to set in operation the attachment to the vending machine. They are considered to be mere equipment of the machine and are not to be taken away by the customer, although this is not prevented in any way. The bill alleges that the machines are not gambling devices and cannot be used as such, but are in fact conducted in strict compliance with the law, and are licensed to be operated in the District of Columbia. The plaintiff complains that nevertheless the defendants, the major and superintendent of police and the United States Attorney for the District of Columbia have ordered the police officers of the District to seize and confiscate all such machines if exposed at any place of business within the District, and arrest the owner of such place, and threaten to prosecute such persons upon a charge of maintaining gambling devices contrary to law.

Plaintiff alleges that this order and the execution of it by the police officers will cause him irreparable injury, wherefore he prays for an injunction pendente lite and for a final peremptory injunction to prevent such action on their part.

Defendant Leo A. Rover filed an answer to the bill, and defendant Edwin B. Hesse filed a motion to dismiss the bill; and, upon a consideration of the pleadings, the court refused to grant a temporary injunction and dismissed the bill, whereupon this appeal was taken.

We do not disagree with the ruling of the lower court. The machines in question are not mere vending machines whereby a predetermined commodity is sold and delivered to a customer at a fixed price; they are something more than that. For, in addition to the vended merchandise, they offer to the customer a chance for an additional advantage, that is, a chance without further charge to play the machine for entertainment and amusement. This may seem to be an unimportant consideration, but such machines are patronized mostly by children, and it is not consistent with sound public policy to encourage in immature minds a love of even such a limited adventure in chance.

A court of equity in such case may well decline to exercise its extraordinary powers to assist such an enterprise, and may properly leave it to the law courts to determine, in event of an arrest, whether the use of such machines under the circumstances of the case is a violation of the criminal statutes.

The remedy by injunction is summary, peculiar, and extraordinary, and the granting of it rests in the sound discretion of the court governed by the nature of the case. 14 R. C. L. 307, § 5.

"Except in cases where a statute gives an absolute right to an injunction, an injunction, whether temporary or permanent, cannot as a general rule be sought as a matter of right, but its granting or refusal rests in the sound discretion of the court under the circumstances and the facts of the particular case, unless perhaps in cases where facts on which the injunction is asked present questions of law only." 32 C. J. 29 § 11.

In this view of the case we affirm the decree of the lower court.