## CHAMBERS, Mayor, et al. v. BACHTEL.
### No. 6228.

Circuit Court of Appeals, Fifth Circuit.
Feb. 5, 1932.

T. D. Cobbs, Jr., C. K. Quin, and W. C. Davis, all of San Antonio, Tex., for appellants.

O. B. Black, of San Antonio, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

Appellee, a citizen of Georgia, filed a bill to enjoin appellants from preventing the operation of certain machines known as the "Mills O. K. Mint Venders." Appellants are the district attorney, county attorney, and sheriff of Bexar county, Tex., the mayor and chief of police of the city of San Antonio, which is located within that county, and a number of other county and city law enforcement officers. They moved to dismiss on the ground that this was a suit against the state of Texas, and, upon that motion being denied, they answered that appellee's machines were gambling devices. An injunction as prayed for was issued upon final hearing.

The machines are all alike. When a nickel is placed in a slot and a lever is pressed, three cylinders revolve independently of each other, but side by side, and mint of the value of approximately 5 cents is always automatically delivered, and sometimes, but not always, tokens are also automatically delivered. The machine can also be operated by one of those tokens, and, when it is, the cylinders revolve as before, but it does not deliver any mint; it may or may not deliver more tokens. The tokens are stamped on one side, "Property of O. K. Vender," and on the other, "Loaned for amusement only." There are printed on each of the cylinders the same pictures of fruits and other objects, and whether any more tokens are paid out, and if so how many, depends upon what combinations of printed objects come to rest side by side when the cylinders cease to revolve. The bill alleges that the tokens have no money or exchange value, and that the only object of playing the machines with tokens is the entertainment to be derived from seeing the wheels go round, looking at the pictures, and reading amusing sayings. By the removal of a pin, coins ranging from a nickel to a half-dollar can be substituted for tokens, and then the machine becomes a regular gambling device. The bill further alleges that appellee had contracts by which he had agreed to lease on a profit sharing basis 34 machines to people who operated places of business in San Antonio, and was negotiating contracts for a lease of 86 additional machines on the same basis. Injunction was prayed for on the ground that it was the intention of appellants as law enforcement officers to seize and destroy the machines, in violation of appellee's rights under the due process and equal protection clauses of the Fourteenth Amendment.

Article 619 of the Revised Criminal Statutes of Texas (Penal Code 1925) makes it a criminal offense to keep or exhibit for the purpose of gaming a slot machine or other device. Article 636 (Penal Code 1925) makes it the duty of the sheriff or other peace officer to seize all gambling devices, and after due notice to destroy them. The constitutionality of these statutes is not attacked, but it is claimed that appellants were exceeding the valid authority conferred upon them. In such a case the federal courts have jurisdiction. Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 391, 14 S. Ct. 1047, 38 L. Ed. 1014. Ordinarily, courts of equity will not enjoin proceedings taken in the enforcement of criminal laws, In re Sawyer, 124 U. S. 200, 8 S. Ct. 482, 31 L. Ed. 402; but they may do so in extreme cases in order to protect property rights. Philadelphia Co. v. Stimson, 223 U. S. 605, 32 S. Ct. 340, 56 L. Ed. 570.

We are of opinion that the machines in controversy here are gambling devices. 12 R. C. L. 627, and note to State of Rhode Island v. Certain Gambling Instruments in 38 A. L. R. 73. There is much reason for holding them to be so even when tokens are used in operating them. He would be a credulous

person indeed who could believe that the customers playing with nothing but tokens expected only amusement and were not actuated by the belief that they could exchange them for money or other thing of value. It is of no significance that there was no agreement to redeem the tokens in cash or in goods. Formal agreements or self-serving statements that nothing approaching gambling will be permitted in the use of gambling rooms or instruments are not unusual and are made for obvious purposes of deception, as is well pointed out by the Supreme Court of South Carolina in Harvie v. Heise, 150 S. C. 277, 148 S. E. 66, where this same kind of machine was held to be a gambling device. But if there is any doubt about the machine being a gambling device when operated by tokens, there can be none when it is played with coins, for then money is won or lost, depending upon the positions in combination of the amusing pictures when the cylinders, after revolving, come to rest. By the easy method of removing the pin the machine becomes a gambling device if it was not one before. Assuming that the machine is an innocent vender of merchandise when the pin is in place and is a gambling machine when it is removed, we are of opinion that the trial court should not have issued the injunction. The ease with which the machine can be converted from one into the other, and the manifest difficulty against which law enforcement officers would have to contend in determining the method of operation at any particular moment, made it the duty of the trial court to deny the injunction. Our decision in Ashcraft v. Healey, 23 F.(2d) 189, is not in conflict with this conclusion. In that case it was held merely that the trial court erred in dismissing the bill of complaint without a hearing on the merits. The police power of a state ought not to be lightly interfered with, even in a case where the complainant bases his claim for relief upon the due process and equal protection clauses of the Fourteenth Amendment. Lawton v. Steele, 152 U. S. 133, 14 S. Ct. 499, 38 L. Ed. 385; North American Cold Storage Co. v. Chicago, 211 U. S. 306, 29 S. Ct. 101, 53 L. Ed. 195, 15 Ann. Cas. 276; House v. Mayes, 219 U. S. 270, 282, 31 S. Ct. 234, 55 L. Ed. 213.

The decree is reversed, and the cause remanded with direction to dismiss the bill of complaint.