ATKINS *v*. STATE.

(Division A. May 3, 1937.)

[174 So. 52. No. 32624.]

**W. L. Sims**, of Columbus, for appellant.

**W. D. Conn, Jr.**, Assistant Attorney-General, for the State.

**McGowen, J.**, delivered the opinion of the court.

The appellant was tried, convicted, and sentenced to pay a fine on an indictment charging him with unlawfully operating a slot machine in violation of section 821, Code 1930.

In the court below, the appellant pleaded not guilty, and also filed a special plea averring that the sheriff of

Lowndes county had issued to him a state privilege license, for which he paid $100, to operate said machine for twelve months, and that the state was thereby estopped from prosecuting him for crime. The state filed a demurrer to this plea, on which no ruling appears in the record, but it is stated in the brief that the court sustained this demurrer.

However, the only evidence offered for the appellant was the license issued by the sheriff, which was excluded by the court. This license was issued, presumably, under the authority of subsection (f) of section 204 of chapter 20, Gen., Loc. and Priv. Laws of Mississippi, Extraordinary Session of 1935, levying taxes upon persons operating slot machines, "which machine or machines herein taxed does not give to the customer, operator, or player, the same value on each and every play, or operation of the machine, as follows: . . . For each machine requiring the deposit of a token, coin or coins of 5¢ or more, and less than 10¢ . . . $100.00." Section 250 of this chapter is as follows: "The issuance of a privilege license, or the payment of a tax required therefor, shall not make lawful any business, employment transaction, article or device, or the operation thereof, contrary to any statute of this state, or any ordinance of any municipality thereof."

The applicable part of section 821, Code 1930, provides that, "It shall be unlawful for any person . . . to operate any . . . slot machine, or similar devices. . . . Provided, however, that this section shall not apply to automatic vending machines which indicate in advance what the purchaser is to receive on each operation of the machine."

The evidence offered on behalf of the state in this case is that the slot machine operated by the accused did not indicate, in advance, what the purchaser was to receive on its operation, and that it was clearly a gambling instrumentality. The customer placed 5 cents in the slot,

pulled the lever, and would, if he saw fit, get a piece of gum, or sometimes 10, or sometimes 15 cents. The customer played for a "jackpot" containing a number of 5-cent pieces inclosed in a glass case, but no customer witness had ever won the "jackpot."

By the evidence in this case, this slot machine was clearly a gambling device condemned by section 821, Code 1930. Crippen v. Mint Sales Co., 139 Miss. 87, 103 So. 503.

The purchaser of a license to operate a slot machine, as in the case at bar, is definitely warned by section 250 of chapter 20, Gen., Loc. & Priv. Laws of Mississippi, Extraordinary Session of 1935, that such license will not authorize him to violate this statute, and cannot create, in view of its plain language, an estoppel against prosecution for crime. As analogous, see the case of State ex rel. Melton v. Rombach, 112 Miss. 737, 73 So. 731.

The appellant relies upon the argument that, by virtue of the fact that the privilege license had been issued to him for the operation of the slot machine, the state was estopped from insisting that the operation of the machine was unlawful. This argument consists of about one page of the brief, but is without citation of authority, and does not even cite controlling statutes to the brief of the Attorney-General, and no reply brief has been filed by the appellant. There is no estoppel here. The appellant was guilty.

Affirmed.