## FARR (GRESSITT, Intervener) v. O'KEEFE, Adjutant General of Mississippi.

### No. 63.

District Court, S. D. Mississippi, Jackson Division.

March 23, 1939.

Jaap & Higgins, of Jackson, Miss., for complainant.

Greek L. Rice, Atty. Gen., of Mississippi, for defendant.

MIZE, District Judge.

This matter is before the court upon an original bill by Dick Farr seeking a preliminary restraining order against the defendant, and upon the intervention petition of R. B. Gressitt invoking the aid of the court of equity to enjoin the defendant from destroying slot machines owned by the intervenor and attacking the constitutionality of Chapter 353 of the Laws of Mississippi 1938, and the intervening petition prays that a three-judge court be convened for the purpose of hearing the matter.

The convening of a three-judge court is governed by Section 380 of Title 28 U.S.C.A. The district judge to whom the petition is presented must first determine, before going to the trouble and expense of convening such a court, whether the relief sought could be granted. If the relief sought could be granted, it is the duty of the district court to convene the three-judge court, but if it is apparent that the complainant seeks relief to which he is not entitled, then there is an insuperable impediment to his remedy and the district judge need go no further. Ex parte Hobbs, 280 U.S. 168, 50 St.Ct. 83, 74 L. Ed. 353; Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. As held in the Poresky case, the district judge is authorized to dismiss for the want of jurisdiction when the question involved in the complaint does not present sufficient facts showing that there is real substance to his

claim. See, also, Stratton v. St. Louis Southwestern Ry. Co., 282 U.S. 10, 51 S. Ct. 8, 75 L.Ed. 135.

The original petition of Dick Farr did not present a question showing an attack upon the constitutionality of the act above referred to. The intervening petition of R. B. Gressitt shows upon its face that he is engaged in an unlawful business and seeks the aid of the court of equity to assist him in the continuance of this business. The law is so well settled that a court of equity will not furnish its aid to anyone in the commission of crime nor entertain a bill where the party does not come into court with clean hands that it needs the citation of no authorities.

The particular act complained of is one for the suppression of gambling. The police power of the state to suppress gambling is practically unrestrained. Ah Sin v. Wittman, 198 U.S. 500, 25 S.Ct. 756, 49 L.Ed. 1142; Marvin v. Trout, 199 U.S. 212, 26 S.Ct. 31, 50 L.Ed. 157. It has been declared by the Supreme Court of Mississippi that slot machines are gambling devices and prior to the present act their operation was prohibited. Crippen v. Mint Sales Company, 139 Miss. 87, 103 So. 503; Atkins v. State, 178 Miss. 804, 174 So. 52; Redd v. Simmons, 175 Miss. 402, 167 So. 65. By virtue of its police powers a state is permitted to declare that certain types of property shall have no property rights, and this announcement of the law is upheld by practically every state in the Union. All property or equipment that is used for gambling purposes may be confiscated and there is no property right in such property. See Harvie v. Heise, 150 S.C. 277, 148 S.E. 66. The appeal in this case was dismissed by the Supreme Court of the United States, 279 U.S. 822, 49 S.Ct. 351, 73 L.Ed. 976.

It is true that the federal courts may enjoin local peace officers from enforcing an illegal statute and destroying property when the acts are so exceptional and clear that it is necessary to afford adequate protection of constitutional rights. Terrace v. Thompson, 263 U.S. 197, 44 S. Ct. 15, 68 L.Ed. 255; Cline v. Frink Dairy Co., 274 U.S. 445, 47 S.Ct. 681, 71 L.Ed. 1146. However, it is equally well settled that unless a danger is immediate, the loss irreparable and the plaintiff is not engaged in any illegal business himself in which he is seeking the protection of the national courts, the national courts will not interfere. In the protection of his rights therein the state courts are usually adequate to determine his rights, as he has an opportunity for ultimate review by the Supreme Court of the United States. Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed. 927.

It is unnecessary to cite further authorities, but under the foregoing authorities and the authorities of Snyder v. City of Alliance, 41 Ohio App. 48, 179 N.E. 426; Howle v. City of Birmingham, 229 Ala. 666, 159 So. 206; Gaither v. Cate, 156 Md. 254, 144 A. 239; White v. Hesse, 60 App.D.C. 106, 48 F.2d 1018; Chambers v. Bachtel, 5 Cir., 55 F.2d 851; Bradford v. Hurt, 5 Cir., 84 F.2d 722; Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322, the temporary restraining order is denied and an order will be entered accordingly.