James M. MILLS, Sr., et al.

v.

Spiro T. AGNEW, Governor of the State of Maryland, et al.

Civ. No. 19638.

United States District Court
D. Maryland.

June 28, 1968.

**108**

Tucker R. Dearing, Baltimore, Md., for plaintiffs.

Francis B. Burch, Atty. Gen., of Maryland, and Lewis A. Noonberg and Thomas A. Garland, Asst. Attys. Gen., Baltimore, Md., for defendants.

Before THOMSEN, Chief Judge, and WATKINS, District Judge.

PER CURIAM.

Some two hundred owners of slot machines in Southern Maryland, who are also citizens, voters and taxpayers, have brought this action against the Governor of Maryland and other officials of the State and various officials of Counties in Southern Maryland, to declare that section 264B of Article 27 of the Annotated Code of Maryland violates the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, to enjoin the enforcement of that section, and for other relief. Jurisdiction is claimed under the Civil Rights Act, 42 U.S.C. § 1983, and 28 U.S.C. § 1343(3). A three-judge court is requested under 28 U.S.C. §§ 2281 and 2284; plaintiffs seek a temporary restraining order and a preliminary injunction, as well as a permanent injunction.

Before giving the notice to the chief judge of the circuit, provided for in 28 U.S.C. § 2284(1), the district judge to whom the application for injunction was presented should consider whether the claim that the statute is unconstitutional is substantial or plainly unsubstantial. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed.2d 152 (1933); Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Jacobs v. Tawes, 250 F.2d 611 (4 Cir. 1957); Bell v. Waterfront Commission, 279 F.2d 853 (2 Cir. 1960); Britton v. Bullen, 275 F.Supp. 756 (D.Md.1967) mandamus denied sub nom. Britton v. Thomsen, 390 U.S. 979, 88 S.Ct. 1110, 19 L.Ed.2d 1287 (1968). Because of the public importance of the issues presented in the instant case, and the need for prompt decision, Judge Thomsen, to whom the application in this case was presented, asked Judge Watkins to sit with him and participate in the decision of the questions raised. Counsel for all parties approved this action.

For the reasons set out below, the Court has concluded that no substantial federal constitutional question is presented, that the application for a temporary restraining order should be denied, and that the complaint should be dismissed.

Section 264B of Article 27 was enacted in 1963. It provides for the elimination of slot machines anywhere in Maryland, in several annual phases; particularly, it provides that: "After July 1, 1968, it shall be unlawful for any person, firm, or corporation, whether as owner, lessor, lessee, licensor, licensee, or otherwise, to possess, keep, maintain or operate, or have in or upon any place of business, building or premises for any purpose any slot machines whatsoever. * * * III. Any firm, person or corporation violating the provisions hereof shall be deemed guilty of a misdemeanor and shall, upon conviction, be punishable by a fine of one thousand dollars ($1,000) or by imprisonment for a period not to exceed one (1) year, or by both such fine and such imprisonment, for each violation." The instant suit was not filed until Wednesday, June 26, 1968. A hearing was held that afternoon, and additional arguments were heard today, June 28, 1968.

(a), (b) The first ground alleged by plaintiffs is that section 264B deprives them of their property without due process of law and denies them the equal protection of the laws, because, as they allege: "The slot machines are an integral and necessary part of their prop-

erty and are necessary to guarantee the fair and adequate return upon their capital investments in their businesses. The loss of the slot machines without just compensation, as a result of the actions of the defendants, will not only cause them to suffer the loss of the slot machines but the losses of their businesses, their real and personal property and capital investments as well." In support of this contention, plaintiffs cite one case, State v. Walruff, 26 F. 178 (C.C.D.Kan. 1886), where a circuit judge held that a Kansas act prohibiting the brewing of beer was unconstitutional in that, by materially reducing the value of the property, it deprived a brewer of his property without just compensation. This decision is in conflict with two decisions of the Supreme Court in the following year, reported sub nom., Mugler v. State of Kansas, 123 U.S. 623, 8 S.Ct. 273, 31 L.Ed. 205 (1887), and with other later decisions, Busch v. Webb, 122 F. 655 (E. D.Tex.1903), appeal dismissed, 194 U.S. 640, 24 S.Ct. 857, 48 L.Ed. 1162, (1904), and Cantini v. Tillman, 54 F. 969 (D.S.C. 1893), and with a Maryland case dealing with slot machines, Police Comm'rs for City of Baltimore v. Wagner, 93 Md. 182, 191, 48A, 455 (1901). See also Stone v. Mississippi, 101 U.S. 814, 25 L.Ed. 1079 (1879); Douglas v. Kentucky, 168 U.S. 488, 18 S.Ct. 199, 42 L.Ed. 553 (1897); Benner v. Tribbet, 190 Md. 6, 20, 57 A.2d 346 (1948); and Howard Sports Daily v. P. S. C., 179 Md. 355, 359, 18 A.2d 210 (1941). The law is summarized in Farr, et al. v. O'Keefe, 27 F.Supp. 216 (D.Miss.1939), as follows:

"The particular act complained of is one for the suppression of gambling. The police power of the state to suppress gambling is practically unrestrained. Ah Sin v. Wittman, 198 U.S. 500, 25 S.Ct. 756, 49 L.Ed. 1142; Marvin v. Trout, 199 U.S. 212, 26 S.Ct. 31, 50 L.Ed. 157. It has been declared by the Supreme Court of Mississippi that slot machines are gambling devices and prior to the present act their operation was prohibited. Crippen v. Mint Sales Company, 139 Miss. 87, 103 So. 503; Atkins v. State, 178 Miss. 804, 174 So. 52; Redd v. Simmons, 175 Miss. 402, 167 So. 65. By virtue of its police powers a state is permitted to declare that certain types of property shall have no property rights, and this announcement of the law is upheld by practically every state in the Union. All property or equipment that is used for gambling purposes may be confiscated and there is no property right in such property. See Harvie v. Heise, 150 S.C. 277, 148 S.E. 66. The appeal in this case was dismissed by the Supreme Court of the United States, 279 U.S. 822, 49 S.Ct. 351, 73 L.Ed. 976."

■ (c) Plaintiffs' contention that "[t]he statute is vague, indefinite and uncertain and does not apprise defendants of what conduct is criminal and what conduct is not criminal, in violation of the due process and equal protection clauses" was presented to the Circuit Court for St. Mary's County in 1966. That Court (Digges, C. J., and Dorsey and Bowen, JJ.) held that argument to be without merit. Abell's, Inc. v. Burch, Equity No. A–2675. No appeal was taken from that decision, which was clearly correct.

■■ (d) Plaintiffs then argue that the statute is discriminatory. They allege: "The classes of people playing the slot machines are the poor, and those going to the race tracks are rich. Gaming is permitted at the race tracks, but not with the slot machines. This is an invidious classification based on economic power which is likely to affect the hearts, minds and souls of the deprived class and to do psychological damage to them in a way never to be undone, and is a deprivation of their constitutional rights guaranteed by the equal protection and due process clauses of the 14th Amendment of the Constitution of the United States." This claim is frivolous. The Legislature may outlaw certain forms of gambling deemed to be injurious to the public, while permitting other forms of gambling.

(e) Plaintiffs also argue that "[t]he legislature which passed the statute was unconstitutionally constituted in violation of the due process and equal protection clauses of the 14th Amendment to the Constitution of the United States", citing Maryland Committee v. Tawes, 377 U.S. 656, 84 S.Ct. 1429, 12 L.Ed.2d 595 (1964). Neither that decision nor any other decision cited or found holds that statutes passed by malapportioned legislatures are unconstitutional. Indeed, Maryland Committee v. Tawes, 377 U.S. at 675, 676, 84 S.Ct. 1429, is authority to the contrary. See also Maryland Committee v. Tawes, 228 Md. 412, at 438–440 (1962); Roman v. Sinock, 377 U.S. 695, 84 S.Ct. 1449, 12 L.Ed.2d 620 (1964); Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).

(f) Plaintiffs' final charge is that "[t]he Attorney General and Secretary of State have refused to allow the bill to referendum in violation of the constitution of the State of Maryland and the due process and equal protection clauses of the 14th Amendment to the Constitution of the United States". This argument raises no substantial question under the United States Constitution. As was clearly pointed out by the Attorney General of Maryland in his opinion dated June 19, 1968, section 2 of Article XVI of the Maryland Constitution requires that a petition for a referendum must be filed before the first day of June next after the session at which the act in question was passed, regardless of the date the Act is to go into effect and regardless of any date or dates contained within the Act providing for a phase-out or other staggered period. See also Winebrenner v. Salmon, 155 Md. 563, 565, 142 A. 723 (1928). The Act in question was passed in 1963, and the petition for referendum was not filed until 1968. We are advised that Chief Judge Evans of the Circuit Court for Anne Arundel County earlier today denied a request for an injunction based upon this ground.

Plaintiffs' laches is an additional reason for denying an injunction or temporary restraining order in this case even if the case were otherwise meritorious. Questions, if any, arising out of the practical enforcement of the Act can be raised in any criminal or civil proceeding thereunder.

Judge Thomsen, as the district judge to whom the application for an injunction was presented, will enter an appropriate order denying a temporary restraining order, denying the request that a three-judge court be constituted, and granting the oral motion of the defendants to dismiss the complaint.