.[Crim. No. 927. In Bank.—June 30, 1902.]

## In the Matter of AH CHEUNG, AH SING, and AH BEN, on Habeas Corpus.

MUNICIPAL ORDINANCE—GAMBLING-HOUSES BARRICADED AGAINST POLICE —CONSTRUCTION—VALIDITY.—A municipal ordinance making it unlawful for any person to expose to view in any barred or barricaded house or room, or in any place built or protected in such a manner as to make it difficult of access or ingress to police officers, when three or more persons are present, any cards, dice, dominoes, fantan table or layout, or any part of such layout, or any gambling implements, or to visit or resort to such house, room, or place, is to be construed as referring only to places which are specially barred

and barricaded against intrusion by officers of the law, so that illegal gambling may be protected from discovery, and not as intended to prevent innocent games played with cards, dice, or dominoes; and, so construed, the ordinance is a valid and reasonable exercise of police power.

ID.—GAME OF FAN-TAN—VIOLATION OF STATE LAW—HABEAS CORPUS.— Persons charged with a violation of such ordinance where the gambling implements named in the complaint referred specially to the game of fan-tan, which is made unlawful by state law, cannot be discharged on *habeas corpus*. As respects that game, the ordinance is in legitimate furtherance of the state policy upon the subject.

APPLICATION for writ of *habeas corpus* to test the validity of an ordinance of the City of Sacramento.

The facts are stated in the opinion of the court.

Frank D. Ryan, for Petitioners.

S. Luke Howe, City Attorney, for Respondent.

McFARLAND, J.—The petitioners were convicted for a violation of an ordinance of the city of Sacramento, which is as follows:—

"Section 1. It shall be unlawful for any person within the limits of the city of Sacramento to exhibit or expose to view in any barred or barricaded house or room or in any place built or protected in a manner to make it difficult of access or ingress to police officers, when three or more persons are present, any cards, dice, dominoes, fan-tan table or layout, or any part of such layout, or any gambling implements whatsoever.

"Section 2. It shall be unlawful for any person to visit or resort to any such barred or barricaded house or room or other place built or protected in a manner to make it difficult of access or ingress to police officers, where any cards, dice, dominoes, fan-tan table or layout, or any part of such layout, or any gambling implements whatsoever are exhibited or exposed to view when three or more persons are present."

Section 3 prescribes a penalty of fine or imprisonment for the violation of the ordinance. The petitioners were charged with, and convicted of, resorting to a *barred and barricaded* place such as is described in the ordinance, where there were

present certain gambling implements, "to wit, a fan-tan table, two fan-tan chairs, one fan-tan stick, slips of playing cards, a lot of beans and gun-wads, said gambling implements being then and there used, made and prepared for the purpose of gambling at the game of fan-tan," and were punished by imprisonment. They seek to be discharged from custody on *habeas corpus* upon the ground that said ordinance is void.

We do not think that the ordinance is in violation of any of the constitutional principles invoked by petitioners, nor unreasonable and oppressive because an infringement upon ordinary personal rights. The ordinance refers only to places which are specially barred and barricaded against intrusion by officers of the law, so that illegal gambling may be protected from discovery. Rightly construed, the words "barred and barricaded" do not include an ordinary private residence or room where doors are sometimes locked or bolted in the ordinary method. Neither should it be construed to mean an attempted prevention of ordinary innocent games played with cards, dice, or dominoes. These petitioners were charged with visiting a place where the gambling implements named in the complaint referred specially to the game of fan-tan, which is made unlawful by the state law. The ordinance, therefore, was merely in furtherance of the state policy upon the subject; and, as was said in *Ex parte McClain,* 134 Cal. 110, "In a reasonable exercise of its police powers a municipality may pass any ordinance in furtherance of the avowed general policy of the national and state government."

The petitioners are remanded and the writ is discharged.

Beatty, C. J., Van Dyke, J., and Harrison, J., concurred.

GAROUTTE, J., dissenting.—For the purpose of sustaining the constitutionality of this ordinance, I fear the court has wandered too far from its language. It seems to me the construction given it is entirely too liberal in view of the text. I can only reiterate my views as found in *Ex parte Lorenzen,* 128 Cal. 440:[1] "We only know what the intention of the board of supervisors was from what it did, and this court can only measure and test this act by what it says."

The particular offense charged against these petitioners is

[1] 79 Am. St. Rep. 47.

a matter wholly immaterial. The question before the court bears alone upon the constitutionality of the ordinance, reading it as a whole. The opinion declares: "Neither should it be construed to mean an attempted prevention of ordinary innocent games played with cards, dice, or dominoes. These petitioners were charged with visiting a place where the gambling implements named in the complaint referred specially to the game of fan-tan, which is made unlawful by the state law. The ordinance, therefore, was merely in furtherance of the state policy upon the subject." Upon reading the language of the ordinance, I see no sufficient justification in law for the construction here given it. As already stated, there is no question before the court as to the validity of the particular charge made against these petitioners. The real question is, What does the ordinance provide? If the ordinance only purported to deal with implements used in the game of fan-tan,—a game prohibited by the state law,— probably it would be constitutional, but to so construe the ordinance, as the opinion does, is to close our eyes to its plain language. In the face of the language of the ordinance how can this court say, "Neither should it be construed to mean an attempted prevention of ordinary innocent games played with cards, dice, or dominoes"? For the language of the ordinance is: "Where any cards, dice, dominoes, fan-tan table or layout, or any part of such layout . . . are exhibited," etc. When the ordinance uses the words, "fan-tan table or layout, or any part of such layout," the subject-matter of fan-tan in the ordinance is exhausted. And it is thus apparent that the words "cards, dice, and dominoes," do not refer to the implements used in playing the game of fan-tan. Indeed, the court is bound to take judicial notice of the fact that neither cards, dice, nor dominoes are implements used in playing that game. It seems naturally to follow that the ordinance as a whole was not enacted in furtherance of a state policy prohibiting the playing of the game of fan-tan. And the ordinance being unconstitutional as to part, is unconstitutional as to all. For the constitutional and unconstitutional parts are too closely connected for segregation.