AH SIN *v.* WITTMAN.

ERROR TO THE SUPERIOR COURT IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.

No. 245. Submitted April 28, 1905.—Decided May 29, 1905.

Where the petitioner contends that a criminal law of the State is unconstitutional because it denies a class to which he belongs the equal protection of the law, not on the ground that it is unconstitutional on its face, or discriminatory in tendency and ultimate actual operation, but because it is made so by the manner of its administration, in being enforced exclusively against such class, it is a matter of proof and no latitude of intention will be indulged, and it is not sufficient to simply

allege such exclusive enforcement but it must also appear that the conditions to which the law was directed do not exclusively exist among that class and that there are other offenders against whom the law is not enforced.

THE facts are stated in the opinion.

*Mr. George D. Collins* for plaintiff in error:

As the ordinance is enforced only against Chinese persons it violates the Fourteenth Amendment and is void. *Yick Wo* v. *Hopkins,* 118 U. S. 356, and cases cited.

The state court has so construed the ordinance that it makes criminal the innocent visit to a place, lawfully barricaded and barred against trespassing, by the police, and where, without the privity of the visitor, the articles specified are exposed to view, there being present three or more persons. The right of liberty that a person may visit any place where he is lawfully invited is one which cannot be infringed, except where necessary in the legitimate exercise of the police power of the State. This power cannot be used to prohibit or punish what is entirely innocent or indifferent; it must be exercised in subordination to the Federal Constitution. *Lawton* v. *Steele,* 152 U. S. 137; *Mugler* v. *Kansas,* 123 U. S. 661; *Health Dept.* v. *Trinity Church,* 145 N. Y. 321; *In re Jacobs,* 98 N. Y. 105; *St. Louis* v. *Roche,* 31 S. W. Rep. 915; *Railway Co.* v. *Smith,* 173 U. S. 689; *Minnesota* v. *Barber,* 136 U. S. 320; *Gulf &c. Ry. Co.* v. *Ellis,* 165 U. S. 155.

It is the constitutional right of a person to bar, barricade and protect his premises against entry by police officers who have no right to enter and who are nothing but trespassers.

What is done in a barred and bolted house is not in the presence of a man outside. Indeed, not even an officer can, without a warrant, break an outer door to arrest persons within, who are merely engaged in unlawful gaming. 1 Bish. New Crim. Proc. § 197; *McLennan* v. *Richardson,* 15 Gray, 74.

The ordinance is unconstitutional because of its discrimination in favor of the three persons who visit the designated

house or room; their visit is not unlawful, but the visit of the plaintiff in error, while the other three are present, is made criminal and punishable, thus depriving him of the equal protection of the laws.

While an ordinance similar to this was held valid in *Re Ah Cheung*, 136 California, 678, these points were not decided, and the court erred in assuming that police officers have the legal right to enter upon private premises to ascertain whether illegal gambling is being carried on. A police officer, as such, has no right to enter on private premises unless in the execution of process, or to make an arrest for felony, or to prevent an escape; manifestly not to discover, or suppress, or make an arrest for gambling where he has no warrant or process. Cases *supra* and § 8.6, Penal Code of California.

The system of police espionage prevailing in Europe would not be lawful in the United States, nor in England; it would be unlawful to issue a search-warrant for the purpose of obtaining evidence of crime, by way of discovery. Cooley's Const. Lim., 7th ed., 424, 431; *Boyd* v. *United States*, 116 U. S. 630.

Whatever may be the opinion of the state court this court will place its own construction upon the ordinance, and will not interpolate, in order to make it valid, a provision which it does not contain. *Yick Wo* v. *Hopkins*, 118 U. S. 356.

*Mr. L. F. Byington* and *Mr. I. Harris* for defendant in error:

As to the point that the ordinance is unconstitutional because it is enforced against Chinese only. It may be that as far as is known the Chinese are the only persons who have thus far violated this ordinance. It does not appear that others offended and were not punished.

MR. JUSTICE MCKENNA delivered the opinion of the court.

Error to the judgment of the Superior Court of the city and county of San Francisco, State of California, discharging a writ of *habeas corpus*.

Plaintiff in error filed a petition in said court, alleging that he was a subject of the Emperor of China, and was restrained of his liberty by defendant in error, who was the chief of police of the city and county of San Francisco, under a judgment of imprisonment rendered in the police court of said city for the violation of one of its ordinances. The ordinance is as follows:

"Prohibiting the exposure of gambling tables or implements in a room barred or barricaded or protected in any manner to make it difficult of access or ingress to police officers, when three or more persons are present; or the visiting of a room barred and barricaded or protected in any manner to make it difficult of access or ingress to police, in which gambling tables or implements are exhibited, or exposed, when three or more persons are present.

"Be it ordained by the people of the city and county of San Francisco as follows:

"SEC. 1. It shall be unlawful for any person within the limits of the city and county of San Francisco to exhibit or expose to view in any barred or barricaded house or room, or in any place built or protected in a manner to make it difficult of access or ingress to police officers when three or more persons are present, any cards, dice, dominoes, fan-tan table or layout, or any part of such layout, or any gambling implements whatsoever.

"SEC. 2. It shall be unlawful for any person within the limits of the city and county of San Francisco to visit or resort to any such barred or barricaded house or room or other place built or protected in a manner to make it difficult of access or ingress to police officers, where any cards, dice, dominoes, fan-tan table or layout, or any part of such layout, or any gambling implements whatsoever are exhibited or exposed to view when three or more persons are present.

"SEC. 3. Every person who shall violate any of the provisions of this ordinance shall be deemed guilty of misdemeanor,

and upon conviction thereof shall be punished by a fine no
to exceed five hundred ($500.00) dollars, or by imprisonmen·
in the county jail for not more than six (6) months, or by both
such fine and imprisonment.

"SEC. 4. This ordinance shall take effect and be in force on
and after its passage."

The complaint in the police court charges a violation of the
ordinance by the plaintiff in error. The petition for a writ of
*habeas corpus* alleges that the ordinance violates section one of
the Fourteenth Amendment of the Constitution of the United
States, in that it deprives plaintiff in error of the equal protec-
tion of the laws, because it is enforced solely and exclusively
against persons of the Chinese race, and in that it "unjustly and
arbitrarily discriminates in favor of certain visitors and also
in favor of certain persons resorting to the house, room or place
referred to in said ordinance, as well as in favor of such persons
and visitors as resort to or visit such house or room or place
when not barred or barricaded or protected in a manner to
make the same difficult of access or ingress to police officers."
These objections, it is alleged, were made by him in the police
court and overruled.

The petition also alleges that plaintiff in error is, by the
ordinance, deprived of his liberty without due process of law,
in that he is prohibited thereby from visiting, innocently and
for a lawful purpose, the house or room or place mentioned in
said ordinance.

It is also alleged that the ordinance is in contravention of
the treaty between the United States and China.

Upon filing the petition a writ of *habeas corpus* was issued,
returnable before the court on the twenty-second of March,
1904, and petitioner admitted to bail in the sum of $10.

The following is the order of the court dismissing the writ
and remanding the petitioner to custody:

"This matter came on regularly for hearing this 28th day
of March A. D. 1904, the petitioner being represented by his
counsel and the people being represented by the district attor-

ney; whereupon it was stipulated and agreed in open court by counsel for the people and by counsel for the petitioner that the facts are as set forth in the petition on file herein for the writ of *habeas corpus.* The cause was then argued by counsel on the points stated in the said petition and was thereupon submitted to the court for its decision and judgment; and the court being fully advised in the matter does now upon the authority of *Matter of Ah Cheung* (136 California, 678), dismiss the writ of *habeas corpus* heretofore issued herein and remand the petitioner to the custody of the chief of police of the city and county of San Francisco. Ordered accordingly. The petitioner reserved an exception to the judgment."

Plaintiff in error's petition presents the question of the constitutionality of the ordinance under which he was convicted. Section one makes it unlawful for any person to exhibit any gambling implements whatsoever in any "barred or barricaded house or room or other place built or protected in a manner to make it difficult of access or ingress to police officers, where any cards, dice, dominoes, fan-tan table or layout, or any part of such layout, or any gambling implements whatsoever, are exhibited or exposed to view when three or more persons are present."

Section two makes it unlawful to visit or resort to such barricaded house or room.

The ordinance received consideration in the *Matter of Ah Cheung* by the Supreme Court of the State of California. 136 California, 678. It was decided that it refers "only to places which are specially barred and barricaded against intrusion by officers of the law, so that illegal gambling may be protected from discovery. Rightly construed, the words 'barred and barricaded' do not include an ordinary private residence or room, where doors are sometimes locked or bolted in the ordinary method. Neither should it be construed to mean an attempted prevention of ordinary innocent games played with cards, dice or dominoes."

The suppression of gambling is concededly within the police

powers of a State, and legislation prohibiting it, or acts which may tend to or facilitate it, will not be interfered with by the court unless such legislation be a "clear, unmistakable infringement of rights secured by the fundamental law." *Booth* v. *Illinois*, 184 U. S. 425, 429; *Otis* v. *Parker*, 187 U. S. 606. As interpreted by the Supreme Court of the State, the ordinance cannot be so characterized.

It is contended that the ordinance makes criminal "the mere act of innocently visiting such a house or room where the visitor had no knowledge and nothing whatever to do with the barring or barricading of the premises or the prescribed articles." It is hence contended by plaintiff in error that "he is deprived of his liberty without due process of law, in that he is prohibited thereby from visiting, innocently, and for a lawful purpose, the house or room or place mentioned in said ordinance." Granting, for argument's sake, that one might visit innocently a barred or barricaded house or room where gambling implements are exhibited or exposed to view, and, if as plaintiff in error alleges in his petition, that he was convicted, notwithstanding he established that he had innocently visited the house mentioned in the charge against him, we are not at liberty to declare the ordinance unconstitutional. Besides, his remedy for that ruling was not by *habeas corpus*. It was by appeal to the Superior Court, which the Penal Code of the State gave him. We may observe he could have raised on such appeal the questions he now raises and have them reviewed by this court.

Plaintiff in error avers "That said ordinance and the provisions thereof are enforced and executed by the said municipality of San Francisco, and said State of California, solely and exclusively against persons of the Chinese race, and not otherwise." The contention is that Chinese persons are thereby denied the equal protection of the law in violation of the Fourteenth Amendment of the Constitution of the United States. *Yick Wo* v. *Hopkins*, 118 U. S. 356, is cited to sustain the contention. And, it is further contended that the fact of

a partial execution of the ordinance is admitted by the order of the Superior Court, wherein it is recited that upon the presentation of the case "It was stipulated and agreed in open court by counsel for the people and by counsel for the petitioner that the facts are as set forth in the petition on file herein for the writ of *habeas corpus.*" There is a misunderstanding between counsel as to what was intended by the stipulation. Counsel for defendant in error contends it was not intended to admit a discrimination in the administration of the law, but to submit the case on such facts as would test and cause a review of the *Matter of Ah Cheung, supra.* This seems to be supported by the order of the court taken as a whole, and it is the understanding of the court we are to ascertain. In other words, we are to ascertain what questions of law and fact were submitted to the court. It cannot be certainly said that the court regarded the fact of discrimination to have been admitted, for it rested its decision on the authority of the *Cheung case.* The court indeed may have regarded the allegation of the petition as lacking in certainty of averment, and hence not bringing the case within the ruling of the *Yick Wo case.* That case concerned the use of property for lawful and legitimate purposes. The case at bar is concerned with gambling, to suppress which is recognized as a proper exercise of governmental authority, and one which would have no incentive in race or class prejudice or administration in race or class discrimination. In the *Yick Wo case* there was not a mere allegation that the ordinance attacked was enforced against the Chinese only, but it was shown that not only the petitioner in that case, but two hundred of his countrymen, applied for licenses, and were refused, and that all the petitions of those not Chinese, with one exception, were granted. The averment in the case at bar is that the ordinance is enforced "solely and exclusively against persons of the Chinese race and not otherwise." There is no averment that the conditions and practices to which the ordinance was directed did not exist exclusively among the Chinese, or that there were other offenders against

the ordinance than the Chinese as to whom it was not enforced. No latitude of intention should be indulged in a case like this. There should be certainty to every intent. Plaintiff in error seeks to set aside a criminal law of the State, not on the ground that it is unconstitutional on its face, not that it is discriminatory in tendency and ultimate actual operation as the ordinance was which was passed on in the *Yick Wo case*, but that it was made so by the manner of its administration. This is a matter of proof, and no fact should be omitted to make it out completely, when the power of a Federal court is invoked to interfere with the course of criminal justice of a State.

We think, therefore, the judgment of the Superior Court should be and it is hereby

*Affirmed.*

MR. JUSTICE PECKHAM dissents.