Argued March 8, reversed and remanded March 20, 1917.

## AH POO v. STEVENSON, MUNICIPAL JUDGE.

### (163 Pac. 822.)

**Municipal Corporations—Prosecutions—Writ of Review.**

1. Under Section 604, L. O. L., as to petition for writ of review, it is incumbent upon petitioners for such a writ, in order to review the judgment of a court of inferior jurisdiction, to set forth in the petition the errors alleged to have been committed therein.

**Municipal Corporations—Proceedings in Municipal Court.**

2. Under Portland City Charter, Section 332, proceedings in the municipal court of Portland are governed by the general laws of the state applicable to Justices' Courts.

**Municipal Corporations—Prosecutions—Positive Allegations.**

3. An indictment or complaint must be positive in respect to the charge that the person accused committed the crime which renders him amenable to the charge.

**Municipal Corporations—Police Power—Enforcement of Regulations—Complaint.**

4. It is not necessary that a defendant's name be constantly repeated in the complaint, but, if once stated in full, the name may be abbreviated, when it occurs in the same count with a reference to the prior statement of it, by the use of the words "said" or "aforesaid."

**Municipal Corporations—Police Power—Enforcement of Regulations—Prosecution—Complaint—Names of Defendants.**

5. In view of Portland City Charter, Section 332, under which proceedings in municipal court of Portland are governed by the general laws applicable to Justices' Courts, and Section 2482, L. O. L., subjecting a complaint in Justice Court to the rules of Code Cr. Proc., c. 7 (Sections 1435–1460, L. O. L.), governing indictments, and Section 1437, L. O. L., declaring an indictment must contain the title of the action, specifying the names of the court and the parties, and a statement of the acts constituting the offense, in ordinary and concise language, etc., a complaint in the municipal court of Portland, setting forth in its title the names of defendants, 27 in all, who were referred to thereafter in the body of the complaint only as "said defendants Ah Poo and 27 others," was sufficient in naming the defendants, since the effect of said Section 1437 is to make the title an integral part of the pleading; and, even if the words "Ah Poo and 27 others" following the words "said defendants" were rejected as surplusage, there would still be sufficient in the complaint to designate the persons accused.

**Municipal Corporations—Police Power—Enforcement of Regulations —Complaint—"Gambling Device"—"Gambling Implement."**

6. Where a complaint, charging defendants with violating an ordinance by visiting a place where gambling implements were ex-

hibited, named as gambling implements articles which are ordinarily innocently used, such as a table and beans, it was not defective in not further charging that such articles were actually designed and used for the purposes of gambling, since a "gambling implement" and a "gambling device" are synonymous terms, and a "gambling device" is defined as an "invention often used to determine the question as to who wins and who loses, that risk their money on a contest or chance of any kind; anything which is used as a means of playing for money or other thing of value, so that the result depends more largely on chance than skill," and the fact that an implement, such as a table, is susceptible of lawful use does not make it, as a matter of law, impossible that the article should be a gambling implement.

[As to games and devices for gambling, see note in 121 Am. St. Rep. 693.]

**Municipal Corporations—Appeal and Error—Presumptions.**

7. In the absence of evidence in a case reviewed, it must be presumed that the necessary proof was produced to support the judgment.

**Municipal Corporations—Municipal Courts—Procedure.**

8. The proceedings of a court of such limited jurisdiction as the municipal court of Portland will not be scrutinized with the same technicality as to the defendants as are those of courts of general criminal jurisdiction, with power to sentence the defendant to imprisonment in the penitentiary for a long term.

**Municipal Corporations—Police Power—Enforcement of Regulations —Sentence and Punishment.**

9. The imposition of a fine of $20 against each of several defendants for the violation of an anti-gambling ordinance was not a harsh or unreasonable administration of the ordinance.

From Multnomah: ROBERT G. MORROW, Judge.

Writ of review by Ah Poo and others against John H. Stevenson, municipal judge, and others. From a judgment in favor of plaintiffs, defendants appeal. Reversed and remanded, with directions.

Department 2.    Statement by MR. JUSTICE BEAN.

The plaintiffs obtained the issuance of a writ of review from the Circuit Court to review the judgment of the municipal court of the City of Portland wherein the plaintiffs were prosecuted for the violation of a city ordinance. The writ was sustained and the judgment of the municipal court annulled as to all the plaintiffs except Ah Poo. The defendants appeal.

The petition for the writ, describing the proceedings in the municipal court and the ordinance alleged to have been violated, recites facts from which it was claimed in the lower court that the ordinance was unreasonable, unconstitutional, and beyond the power of the city in the regulation and enforcement of the police power, and states that the defendant, John H. Stevenson, judge of said court, erroneously exercised his judicial functions and exceeded his jurisdiction for the reason:

"That the ordinance referred to in said complaint, viz., No. 23935, and upon which said prosecution was based, is unreasonable, oppressive, unconstitutional and void and that said court and said judge acquired no jurisdiction whatever under the terms of said ordinance to try these petitioners, or to inflict any fine, or other punishment on them for the violation of said ordinance, as set forth in said complaint."

The complaint in the municipal court is as follows after the title thereof:

"The City of Portland,
                                        Plaintiff,
                    v.
Ah Poo, Ah Lee, Ah Bow, Gum Dat, Wan Wong, Siew Sam, Lee Yow, Ah Jim, Lo Dow, Young Ling, Ah Lee No. 1, Wm. See, Ah Lee No. 2, Ah Wong, Law Do, Ah Gong, Ah Sing, Sam Jew, Lo Young, Sam Lee, Kia Jim, Ah Sam, Ah Song, Ah Sam, Henry Chin, Ah Tom, Charlie Jones,
                                        Defendants.

"The said defendants Ah Poo and 27 others are accused by this complaint of violating Ordinance No. 23935 of said city of Portland entitled: 'An Ordinance making it unlawful to exhibit or expose certain devices in rooms barred or barricaded in such manner, as to render them difficult of access by officers of the law, prohibiting the visiting thereof by the public, providing

a penalty therefor and declaring an emergency,' approved by the mayor of said city August 29, 1911, as follows: The said defendants Ah Poo and 27 others on the 25th day of March, A. D. 1914, in the city aforesaid, did wilfully and unlawfully visit and resort to a barred and barricaded house and room and place, built and protected in a manner to make it difficult of access and ingress to police officers, where gambling implements, to-wit, fan-tan table, lottery drawing and beans were exposed and exhibited to view, where more than two persons, to-wit: twenty-eight persons, were then and there present at 93½ North Fourth Street within the corporate limits of said city of Portland, Oregon, whereby the peace and quiet of said city was disturbed, contrary to the ordinance in such case made and provided.''

That part of the ordinance which is material here provides:

''It shall be unlawful for any person, within the limits of the city of Portland, to exhibit or expose to view any cards, dice, dominoes, fan-tan table or layout, or any gambling implements whatsoever, when two or more persons are present, in any barred or barricaded house or room, or in any place built or protected in any manner to make it difficult of access or ingress to police officers.''

Section 2 reads thus:

''It shall be unlawful for any person, within the limits of the city of Portland, to visit or resort to any such barred or barricaded house or room, or other place built or protected in a manner to make it difficult of access or ingress to police officers, where any cards, dice, dominoes, fan-tan table or layout, or any part of such layout, or any gambling implements whatsoever, are exhibited or exposed to view when two or more persons are present.''

REVERSED AND REMANDED.

For appellants there was a brief over the names of *Mr. Stanley Myers* and *Mr. Walter P. LaRoche,* City Attorney, with an oral argument by *Mr. Myers.*

For respondents there was a brief over the name of *Messrs. O'Day & Haddock,* with an oral argument by *Mr. John M. Haddock.*

Mr. Justice Bean delivered the opinion of the court.

The petition specifies that the municipal court had no jurisdiction to render the judgment sought to be reviewed for the reason that the ordinance alleged to have been violated "is unreasonable, oppressive and unconstitutional," setting forth in detail the reasons for such claim. Recognizing the authority of the cases of *Ah Sin* v. *Wittman,* 198 U. S. 500 (49 L. Ed. 1142, 25 Sup. Ct. 756), and *In re Ah Cheung,* 136 Cal. 680 (69 Pac. 492), upholding a like ordinance of the city of San Francisco, the invalidity of the ordinance involved in the present case is not contended for by counsel for plaintiffs upon this appeal.

1, 2. In order to review the judgment of a court of inferior jurisdiction it is incumbent upon petitioners for a writ of review to set forth in the petition the errors alleged to have been committed therein: Section 604, L. O. L. The petition for the writ does not allege that the complaint against the petitioners in the municipal court did not state facts sufficient to constitute an infraction of the ordinance. The complaint was not challenged by demurrer or motion in that court. Passing this question, however, and assuming without deciding that the insufficiency of the complaint is a jurisdictional question which may be raised at this time, we will take up the matter of the complaint which is submitted by the briefs and arguments upon both sides.

We note that it is contended by counsel for plaintiffs (1) that the complaint is defective in that it is not direct and certain as to the parties charged except as to the defendant Ah Poo. Proceedings in the municipal court of Portland are governed by the general laws of the state applicable to Justices' Courts. Charter of Portland, Section 332.

Section 2482, L. O. L., relative to procedure in criminal actions in Justices' Courts is as follows:

"The complaint is to be deemed an indictment within the meaning of the provisions of Chapter VII of the Code of Civil Procedure (Title XVIII), prescribing what is sufficient to be stated in such pleading, and the form of stating it."

Section 1437, L. O. L., declares that an indictment must contain:

"(1) The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties; (2) a statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended."

3–5. The criticism is that the names of all the defendants do not appear in the body of the complaint. An indictment or complaint must be positive in respect to the charge that the person accused committed the act which renders him amenable to the charge: 10 Enc. Plead. & Prac. 476. It is not necessary, however, that the defendant's name should be constantly repeated in a complaint. After once stated in full, the name or description of the person may be abbreviated, when it occurs in the same count with a reference to the prior statement of it, by the use of the words "said" or "aforesaid": *State* v. *Coppenburg,* (S. C.) 2 Strob.

273; *State* v. *Eddy,* 46 Or. 625, 627 (81 Pac. 941, 82 Pac. 707). The effect of Section 1437 of the Code is to make the title an integral part of the pleading. The complaint in the municipal court set forth the names of the plaintiffs, 27 in all, in its title as defendants. Thereafter in the body of the complaint they are referred to as "said defendants Ah Poo and 27 others." It was unnecessary to repeat the names of the defendants in the main part of the complaint otherwise than as "the said defendants" or "the said defendants Ah Poo and others" or "the said defendants Ah Poo and 27 others." If necessary, the words "Ah Poo and 27 others" found in the complaint after the words "said defendants," may be treated as surplusage and rejected, and still there will be sufficient in the complaint to designate the persons accused: 37 Cyc. 614; *State* v. *Horne,* 20 Or. 485 (26 Pac. 663). It is possible in certain cases for a complaint to describe a defendant without giving his name. The complaint is sufficiently definite as to the parties charged in order to inform defendants who were accused thereby.

6, 7. It is further contended on the part of plaintiffs that the complaint charging the defendants with a violation of the city ordinance by visiting a place where gambling implements are exhibited and exposed to view and which names as gambling implements articles which are ordinarily put to an innocent use, such as a table and beans, should further charge that such articles were actually designed and used for purposes of gambling. The complaint designates the apparatus as "gambling implements." A "gambling implement," and a "gambling device," are synonymous terms. A "gambling device" is defined as:

An "invention often used to determine the question as to who wins and who loses, that risk their money on a

contest or chance of any kind; anything which is used as a means of playing for money or other thing of value, so that the result depends more largely on chance than skill; a gambling device'': 20 Cyc. 871.

The fact that an implement, such as a table, is susceptible of lawful use, does not make it as a matter of law impossible that the article should be a gambling implement. It was a matter of proof whether as the game is usually actually carried on, the utensil is used as a material instrument in ascertaining whether the player should win or lose. In the absence of the evidence which is not before us it must be presumed that the necessary proof was produced: *Commonwealth* v. *Adams,* 160 Mass. 311 (35 N. E. 851).

8. The complaint designates the table and other apparatus as gambling implements. These words were just as effective to inform the defendants of what was intended as though it had alleged that such articles were actually designed and used for purposes of gambling. The complaint was sufficient fully to inform the defendants of the nature of the accusation against them; and to say the least, was good after verdict. It is not consistent with the administration of justice or reasonable that the proceedings of a court of such limited jurisdiction as the municipal court should be scrutinized with the same technicality as to the defendants as are those of courts of general criminal jurisdiction with power to sentence the defendant to imprisonment in the penitentiary for a long term: *Wong* v. *City of Astoria,* 13 Or. 538 (11 Pac. 295); McQuillin, Mun. Corp., §§ 1059, 1060.

9. In the case at bar it does not appear that a harsh or unreasonable administration of the ordinance was indulged in by the imposition of a fine of $20 against each of the defendants for the violation of an

ordinance designed to prevent and suppress gambling which is a proper matter for prohibition by police regulations. There is some discussion in the briefs of plaintiffs in regard to the facts disclosed by the evidence. This feature of the case is not before us as we have indicated and we are not in a position to retry the facts or comment on the evidence. For the two reasons suggested the judgment of the lower court will be reversed and the cause remanded with directions to dismiss the writ of review.

REVERSED AND REMANDED WITH DIRECTIONS.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE, and MR. JUSTICE MCCAMANT concur.