### SAUNDERS v. LOWRY, Sheriff.
### No. 6486.

Circuit Court of Appeals, Fifth Circuit.
April 21, 1932.

A. E. Wilson, Geo. G. Finch, and Wm. G. McRae, all of Atlanta, Ga., for appellant.

John A. Boykin, J. W. LeCraw, and Marion Smith, all of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from an order denying a petition for the writ of habeas corpus. It is here upon a certificate of probable cause, 28 USCA § 466; and is to be disposed of upon the facts as stated in the petition, as the writ applied for was not granted.

It appears that appellant was convicted of the offense of accepting bribes to influence his behavior in the discharge of his duties as a member of the city council of Atlanta, and that sixteen other city officials were likewise convicted of similar offenses. Although under the Georgia Penal Code, §§ 270 and 271, the giver as well as the receiver of a bribe is punishable, the solicitor general, or prosecuting attorney, and the grand jury, acting in concert, agreed and openly announced that the nonofficial bribe givers would not be indicted or prosecuted, if they would testify against city officials who had accepted bribes. And the solicitor general and the grand jury had allowed the statute of limitations to run, with the result that the bribe givers cannot now be punished.

Appellant's contention is that he has been deprived of the equal protection of the law, in violation of the Fourteenth Amendment. He relies upon Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 220, in which the petitioner was released on habeas corpus on the ground that the ordinance under which he had been convicted was void because it attempted to confer upon a board of supervisors uncontrolled discretion and arbitrary power with reference to the harmless and useful business of conducting a laundry. That this was the basis of that decision was pointed out in subsequent Supreme Court decisions. Crowley v. Christensen, 137 U. S. 86, 11 S. Ct. 13, 34 L. Ed. 620; Gundling v. Chicago, 177 U. S. 183, 20 S. Ct. 633, 44 L. Ed. 725. In Ah Sin v. Wittman, 198 U. S. 500, 25 S. Ct. 756, 49 L. Ed. 1142, the distinction is drawn between the right to use property for a lawful purpose and the claim of a privilege to visit a gambling house which the state, in the exercise of its police powers, could suppress at pleasure. It has never been held that one who is guilty of a crime cannot be punished merely because others equally guilty have not been prosecuted or convicted. The extension of immunity to a particeps criminis who has turned state's evidence has existed from time immemorial. United States v. Ford, 99 U. S. 594, 25 L. Ed. 399. Assuming, but by no means conceding, that the solicitor general and the grand jury acted wrongfully, the way was open to appellant to correct any injury done him by applying to the trial court and, if necessary, to the appellate courts of Georgia. He knew as well then as he knows now all the things of which he complains. A writ of habeas corpus cannot be used as a substitute for a writ of error, but calls in question only the jurisdiction of the court whose judgment is attacked. Ex parte Royall, 117 U. S. 241, 6 S. Ct. 734, 29 L. Ed. 868; Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969; Knewel v. Egan, 268 U. S. 442, 45 S. Ct. 522, 69 L. Ed. 1036; Ashe v. U. S. ex rel. Valotta, 270 U. S. 424, 46 S. Ct. 333, 70 L. Ed. 662. Nothing more is claimed here than that error was committed in a trial over which the court undoubtedly had jurisdiction. The petition does not disclose, and in the nature of things could not truthfully allege, that for the errors complained of a complete remedy was not provided in the courts of Georgia.

The judgment is affirmed.