LOTTINGER, Judge.
This suit was filed by Pier 1 Imports, Inc., Paul Gerstenberger and Holly Tatsch, wherein they seek an injunction restraining the defendant, Sargent Pitcher, Jr., who is the District Attorney for East Baton Rouge Parish, from prosecuting plaintiffs Gerstenberger and Tatsch for violation of the Sunday Closing Law. The Lower Court rendered judgment in favor of defendant, dismissing the suit and the petitioners have taken this appeal.
The facts disclose that Pier 1 Imports, Inc., was operating a market on Florida Boulevard in Baton Rouge, Louisiana and that petitioners Gerstenberger and Tatsch were employees of this organization. These two petitioners were charged with the sale, on the 3rd and 10th day of January, 1971, of an alarm clock and a wicker headboard in violation of Title 51, Section 194 of the Louisiana Revised Statutes. Said statute is part of the Sunday Closing Law of this state.
*229 It is alleged by petitioners that they have proven open and notorious violation of the Sunday Closing Law. The criminal charges filed, however, were the very first prosecution in East Baton Rouge Parish under this law. Petitioners claim further that no prosecution under this law has been filed since this particular prosecution was filed, despite the knowledge brought home to the District Attorney of the open violation of the law.
Defendant, Sargent Pitcher, Jr., has taken the position that this is the only charge filed and that he would not file a prosecution unless a citizen files an affidavit.' His testimony is to the effect that he accepted charges from a citizen complaint, and that it was on this basis that he became involved in the prosecution of this particular case.
There is no showing of unjust discrimination or denial of equal protection of the law in this particular case. The prosecutor, as a quasi-judicial officer in Louisiana, must determine who, when and how to prosecute. He is not a law enforcement officer, but he has a duty, when confronted with a citizen’s complaint alleging a violation of a state statute, to take steps to determine whether or not the accused person is in fact, in violation of an enforceable law. This is exactly what is being done in this case.
Although petitioner contends that the prosecutor should be arresting and charging persons with the violation of a law which plaintiff himself contends is unenforceable and invalid, such is not the case. In State v. Anderson, 206 La. 986, 20 So. 2d 288, the Court said:
“The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intention or purposeful discrimination. This may appear on the face of the action taken with respect to a particular class or person, of McFarland v. American Sugar Refining Co., 241 U.S. 79, 86, 87, 36 S.Ct. 498, 60 L.Ed. 899, 904, or it may only be shown by extrinsic evidence showing a discriminatory design to favor one individual or class over another not to be inferred from the action itself, Yick Wo v. Hopkins, 118 U.S. 356, 373, 374, 6 S.Ct. 1064, 30 L.Ed. 220, 227, 228. But a discriminatory purpose is not presumed, Tarrance v. State of Florida, 188 U.S. 519, 520, 23 S.Ct. 402, 47 L.Ed. 572, 573, there must be a showing of ‘clear and intentional discrimination,’ Gundling v. City of Chicago, 177 U.S. 183, 186, 20 S.Ct. 633, 44 L.Ed. 725, 728; see Ah Sin v. Wittman, 198 U.S. 500, 507, 508, 25 S.Ct. 756, 49 L.Ed. 1142, 1145, 1146; Bailey v. State of Alabama, 219 U.S. 219, 231, 31 S.Ct. 145, 55 L.Ed. 191, 197.”
The petitioner has cited Gibson Products Company of Bowling Green v. Lowe, Ky., 440 S.W.2d 793 and the people of the State of New York v. Utica Daw’s Drug Company, Inc., 16 A.D.2d 12, 225 N.Y.S.2d 128, in support of their contention. In the Gibson case there was discrimination, and the Court so held, because it was shown that prior indictments of other merchants for violation of Sunday Closing Law, had been continued without hearing or trial and that some other establishments were openly permitted to do business as usual on Sunday. In the people of the State of New York case, the Court merely held that the conviction of the defendant, which claimed arbitrary discrimination in enforcement, must be reversed for the Court’s refusal to admit evidence as to nonenforcement of the statutes.
Should the defendants desire, they could very well appear before a proper official and file an affidavit as against any other party, which they claim are violating the law. As the thing stands now, however, only one charge has been filed and that has been against the petitioners and we find no discrimination in the action of the *230 District Attorney in prosecuting that charge.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioners.
Judgment affirmed.