22073

ARMY NAVY BINGO, GARRISON #2196, Appellant-Respondent, v. Charles N. PLOWDEN, Chairman, John T. Weeks, Commissioner and Samuel Hunter Howard, Jr., Commissioner, constituting the South Carolina Tax Commission, Respondents-Appellants.

(314 S. E. (2d) 339)

Supreme Court

*Holmes, Thomson, Logan & Cantrell,* Charleston; and *Thomas E. Huff,* Belvedere; and *Richard J. Magner,* of *Bryan & Magner,* Laurens, *for appellant-respondent.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. Joe L. Allen, Jr.,* and *Asst. Attys. Gen. Ronald W. Urban* and *William K. Moore,* Columbia, *for respondents-appellants.*

April 2, 1984.

HARWELL, Justice:

This action challenges the constitutionality of the prize limitations and the residence requirement for bingo operators found in S. C. Code Ann. § 12-21-2590 (1983). The bingo operators assert that the statute violates the Fourteenth Amendment due process clause. We disagree.

The trial judge held the prize limitations constitutional and the residence requirement unconstitutional. We hold that neither the limits on prizes nor the residence requirement denies the bingo operators due process of law.

S. C. Code Ann. § 12-21-2590 (1983) provides in pertinent part:

Any person or organization operating a game of bingo, whose prizes do not exceed Four Thousand Dollars per session, and no more than One Thousand Dollars per session, may be offered in the form of a jackpot, and all regular game prizes shall not exceed One Hundred Fifty Dollars must obtain a annual Class B License from the South Carolina Tax Commission at the cost of Five Hundred Dollars per year. The holder of a Class B License is restricted to a maximum of three sessions per week.... No license shall be issued to any charitable, religious, or fraternal organization that has not been domiciled in South Carolina for at least three years.

An analysis of the propriety of state bingo regulations must begin with the recognition that bingo was until 1975 prohibited by our State Constitution, Article XVII, § 7. The Constitution was amended to allow certain organizations to conduct bingo. Section 7 now provides:

No lottery shall ever be allowed or be advertised by newspapers, or otherwise, or its tickets be sold in this State. The game of bingo when conducted by charitable, religious or fraternal organizations exempt from federal income taxation or when conducted at recognized annual State and County fairs, shall not be deemed a lottery prohibited by this section.

Section 7 is not a self-executing constitutional grant of power to conduct bingo. On the contrary, the Section indicates that bingo is no longer constitutionally prohibited. The State Constitution is a limitation upon and not a grant of power to the General Assembly. *Duncan v. York County*, 267 S. C. 327, 228 S. E. (2d) 92 (1976).

Bingo is a lottery, and it is gambling. *Bingo Bank, Inc. v. Strom*, 268 S. C. 498, 234 S. E. (2d) 881 (1977); Code § 52-17-50 (1983). There is no right to conduct bingo under the State Constitution.

Nor is there a fundamental right to gamble protected by the Federal Constitution. *Lewis v. United States*, 348 U. S. 419, 75 S. Ct. 415, 99 L. Ed. 475 (1955). In fact, the State's power to suppress gambling is practically unrestrained. *Ah Sin v. Wittman*, 198 U. S. 500, 25 S. Ct. 756, 49 L. Ed. 1142 (1905).

Organizations may conduct bingo in this state only by license. The license confers no property right. It is a permit issued pursuant to the State's police power. Unlicensed bingo is punishable under Code § 16-19-10 as a crime. Bingo may only be conducted in accordance with the restrictions imposed by the legislature. *Feldman v. South Carolina Tax Comm'n,* 203 S. C. 49, 26 S. E. (2d) 22 (1943); 51 Am. Jur. (2d), *Licenses and Permits,* § 18 (1970).

We also note that the bingo licensing scheme is part of our state's tax law. An admissions tax must be collected under Code § 12-21-2600 (1983). The United States Supreme Court has held that a tax does not violate the Fourteenth Amendment due process clause when its enforcement may result in destroying a particular business. *City of Pittsburgh v. Alco Parking Corp.,* 417 U. S. 369, 94 S. Ct. 2291, 41 L. Ed. (2d) 132 (1974); *A. Magnano Co. v. Hamilton,* 292 U. S. 40, 54 S. Ct. 599, 78 L. Ed. 1109 (1934).

Likewise, the fact that the residence requirement may put certain operators out of business and that the prize limitations may reduce their business does not necessarily offend due process.

The bingo operators carry a substantial burden of establishing the unconstitutionality of the statute. *Gold v. South Carolina Board of Chiropractic Examiners,* 271 S. C. 74, 245 S. E. (2d) 117 (1978); 16 Am. Jur. (2d), *Constitutional Law,* § 251 (1979). We conclude that the state interests here override the interest of the bingo operators in a going concern and in offering unlimited prizes.

First, the State has a legitimate interest in limiting the monetary value of prizes. Crowds throng to events that promise large prizes. The record reflects that over forty-two hundred persons attended one session in which the proceeds exceeded Three Hundred Thousand ($300,000) Dollars. Crowd control is a governmental function. Traffic must be regulated and public peace maintained.

The State also has an interest in protecting its people from unlimited lotteries. The prize limitations reduce the likelihood of extensive gambling sessions being held under the guise of raising funds for charity.

The State's policy interests also amply support the residence requirement. In order to conduct bingo, our Constitu-

tion requires that organizations be charitable, religious or fraternal. The earnings or income from bingo must be used for those purposes. The organizations are prohibited from employing persons who have been convicted of certain crimes. The record establishes that the durational domicile aids in the enforcement of these requirements. In addition, the requirement helps discourage out-of-state groups from coming into the state for the sole purpose of taking advantage of our constitutional exemption.

The exemption for charitable bingo operators in the general prohibition of gambling has been taken far beyond its intended purpose of giving South Carolina charities a means for additional revenue. Certainly, the operation of bingo should not be the primary purpose for the existence of the exempted groups in South Carolina.

The bingo operators additionally assert that the residence requirement denies them equal protection of the laws. The record does not reveal, however, that the issue was properly before the trial court. The pleadings raise no equal protection issue.

Thus, we conclude that the prize limitations and the residence requirement do not deny the bingo operators due process of law. The trial court's order is, accordingly,

Affirmed in part;

Reversed in part.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.