**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME ALVAREZ; et al.,<br><br>   Plaintiffs - Appellants,<br><br> v.<br><br>CITY OF SAN BERNARDINO, a<br>Municipal Corporation; et al.,<br><br>   Defendants - Appellees,<br><br> and<br><br>JULIO ESTRADA,<br><br>   Defendant. | No. 09-55001<br><br>D.C. No. 2:00-cv-03048-PA-RC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted February 11, 2011
Pasadena, California

Before: GOODWIN, D.W. NELSON, and N.R. SMITH, Circuit Judges.

---

   [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Jaime Alvarez, Marisela Labastida, and Alvarez & Associates (Plaintiffs) appeal the district court's grant of summary judgment for Defendants on three claims under 42 U.S.C. §§ 1981, 1983, and 1985.[1]

A.     The district court properly dismissed the § 1981 claim. Plaintiffs have not introduced evidence that Defendants prevented them from making or enforcing contracts, or that they did so on the basis of race. *See* 42 U.S.C. § 1981; *Evans v. McKay*, 869 F.2d 1341, 1344 & n.2 (9th Cir. 1989). In order to show racial discrimination, Plaintiffs must show that Defendants acted with discriminatory purpose, and that it had a discriminatory effect. *United States v. Armstrong*, 517 U.S. 456, 465 (1996). Discriminatory effect can be shown by demonstrating that similarly situated persons of other races were not prosecuted. *Id.* Plaintiffs did not show that "the conditions and practices to which [the investigation] was directed did not exist exclusively among [a particular racial group], or that there were other offenders" who were not prosecuted. *Id.* at 466 (quoting *Ah Sin v. Wittman*, 198 U.S. 500, 507-08 (1905)). Although Plaintiffs allege that no other Acquisition,

---

[1] Plaintiffs did not raise the retaliation claim in the opening brief. Issues not specifically and distinctly argued in the opening brief are waived, *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994), and we decline to address this issue. Plaintiffs did not file a notice of appeal of the district court's order excluding the declaration of Julio Estrada. *See* Fed. R. App. P. 3(a)(1) ("An appeal . . . may be taken only by filing a notice of appeal . . . ."). Therefore, we do not address that issue.

Rehabilitation, and Resale program developers were prosecuted, they provide no evidence that those developers were "other offenders." Nor do they show that any of the other Hispanic developers were prosecuted (on the basis of race or otherwise). Without evidence of a discriminatory effect, Plaintiffs' claims must fail.

B.     The district court did not err in dismissing the § 1983 claim. Plaintiffs did not introduce sufficient evidence for a reasonable jury to find (1) that Defendants subjected them to criminal charges based on false evidence or (2) that Defendants' alleged defamation deprived them of business goodwill.

1.     A reasonable jury could not find that Plaintiffs were subjected to criminal charges on the basis of fabricated or coerced evidence, or that investigators ignored exculpatory evidence. *Devereaux v. Abbey*, 263 F.3d 1070, 1074-76 (9th Cir. 2001). Assuming as true that Cisneros's statement was fabricated, the criminal complaint did not rely on Cisneros's statement, and probable cause existed independent of her statement. *See Tomer v. Gates*, 811 F.2d 1240, 1242 (9th Cir. 1987); *see also Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Assuming Defendants used coercive tactics when interviewing some witnesses, the record does not show that the evidence given was false or that it was incriminating. In particular, Estrada affirmed in his deposition that the information

he gave investigators in the video was true. The evidence (which Plaintiffs allege is exculpatory) shows only that others may have been involved in falsifying information, not that Plaintiffs did not participate in filing false loan applications. As such, it was insufficient to show Defendants should have known Plaintiffs were innocent and should have stopped the investigation. Therefore, there was no constitutional violation.

2. Defendants' defamation of Plaintiffs to banks and individuals did not deprive Plaintiffs of the goodwill of their business. Damage to a property interest must arise from affirmative conduct beyond the defamatory statements themselves. Affirmative conduct includes revoking a right or changing a status held by the plaintiff or taking direct action to prevent continued patronage of the business. *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 375 (9th Cir. 1999) (en banc). Although patrons may be less likely to patronize a company because of the defamation, this is a result of the damage to the business's reputation, not a deprivation of goodwill. *Id.* at 375-76. Defendants did not deprive Plaintiffs of a right or status, nor did they take action to prevent either banks or other cities from doing business with Plaintiffs. The defamatory statements were no more than damage to business reputation, which is not a cognizable § 1983 claim. *Id.* at 375.

4

C.     Because Plaintiffs have no evidence of a discriminatory effect or purpose, the district court correctly granted summary judgment on the § 1985 claim.

D.     Having determined that no reasonably jury could find a constitutional violation by the individual Defendants, the district court correctly held that there can be no *Monell* liability without such a violation.  *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

**AFFIRMED**