### SNYDER v ALLIANCE (city)

Ohio Appeals, 5th Dist, Stark Co

Decided June 16, 1931

Hart, Drunkenbrod & McHenry, Canton, for Snyder.

Harry S. Wykoff, Alliance, for City.

SHERICK, P.J.

The proponent of this suit bases his right to the relief claimed upon the argument that his mint vending machine is not a gambling device per se, and this being true, there exists therein a property right of which he cannot be deprived without due process of law, and that therefore, upon the agreed facts, that this, a court of equity, should afford injunctive relief.

There can be no question but that in proper case a court of chancery may grant relief where police officers act without authority, or abuse an authority sought to be exercised; but as a general proposition it may be stated that police officers will not be enjoined in the exercise of their proper duties, even though they perform such in an offensive and unlawful manner, for the reason, as pointed out by this court's predecessors, in the case of Snyder v Swope, 23 O. L. R. 361, 366; "A person accused of crime and threatened with arrest could appeal to a court of equity, and by pleading in his petition that his property rights were about to be interfered with, obtain a restraining order, and thus prevent his arrest and trial. This would result in great and irreparable mischief, and thereby withdraw the question of his innocence or guilt from trial in the forum designated by our constitution and laws."

The real question in this case, as we see it, is whether or not the mint vending machine herein described is a gaming device prohibited by the statutes of this state; and is the ingenuity of the construction and operation of this device but a subterfuge to evade and circumvent our law and the sound public policy which engendered its enactment, to the end that the vice of gambling, inherent in all of us, might be suppressed?

It is provided in a number of the states that gambling statutes are to be construed liberally so as to prevent the mischief intended to be provided against; and, although we have no such statutory rule prescribing construction, we believe it to be the present policy and rule, of which the liberality of the new crimes act is indicative, that such statutes should receive a liberal construction in order that the salutary result sought to be attained by the

legislature's enactment of §13056 and §13066 GC might have expression and keep abreast of man's inventive ability to create new gaming devices and thereby keep without the strict letter of the law, yet accomplish by circuitous means that which was intended to be restrained. And it appeals to us, especially when called upon as a court of equity, to give such expression to a statute aimed at the evil of gambling, as would effectuate the intent and purpose of its enactment.

It must not be lost sight of that this is not an attempt to prosecute the appellant for the violation of a gambling statute, but is an application directed to the conscience of a court of equity. We are not asked to determine if Snyder is guilty or innocent of any criminal offense, but we are requested to determine if this mint vending machine, threatened with seizure, is a gambling device or evil thing kept and exhibited for gain.

The appellant, to maintain his theorem, mainly relies upon the authority of **State v Krause, 114 Oh St 343.** This was a criminal case, certified to the Supreme Court as being in conflict with Snyder v Swope, supra, which was a suit in equity, praying for like relief as is herein asked. We recognize the plaintiff in the Swope case as the appellant in the instant action. Referring further to the Krause case, the court therein remarked: "We think the records before the two courts of appeals were so essentially different, and the principles of law applicable thereto of such dissimilar character, that the respective conclusions reached do not constitute a conflict of opinion. This case is a criminal one and requires the application of the well known principles applicable to criminal cases."

It is clear that this case was decided upon the well recognized rule that the state is bound to prove each and every essential element of the crime charged, and a failure to prove any one of such essential elements must result in an acquittal of the one accused. Therein the court said further:

"The record is completely silent as to any gain to the player as a result of his operation of the machine consecutively or otherwise. * * * No profit or gain, present or future, by the hazard or element of chance of the machine, is shown to have accrued to the player." And, it was further remarked, "If some gain or profit, or the right thereto, had been shown, a different question might have been presented, but the evidence stopped short of showing that the machine was operated as a means of securing something for nothing." This last remark leads us to the conclusion that this case, in view of the facts of this suit, is, in fact, opposed to the appellant's contention.

Examining now the manner and method of operating this machine, the appellant concedes that one may deposit his nickel and receive a package of mints, and at the same time he may receive from two to twenty tokens with which he may continue to play the advertising or amusement feature thereof; but, when he runs out of checks or tokens he must deposit another nickel and thereby receive a second package of mints, and perhaps more tokens or checks with which to further play the amusement device, so one nickel may follow another in quest of more checks.

It is this feature that brings us to the opinion that the device is more than a mere vending machine. Its purpose is to increase the sale of mints by appealing to the gambling instinct, and this increase in sales and other accruing profit by way of advertisement is a gain to the owner or lessee of the machine, as contemplated and provided against by the statutes and policy of this state.

The fact that the device indicates the number of tokens that will be received by the player upon the next play does not eliminate the objectionable attachment. The lure and chance of gain that induces a player to continue to operate the machine still exists, although without there being an ultimate loss to the owner or lessee.

See authorities cited in Third Edition of "Words and Phrases," Vol. 3, Page 855.

We believe that it is not essential to gambling that one should have a chance to lose, but that the player has a chance and lure to get something for nothing. Now, does a patron of this machine **receive something of value by continuous** play of the amusement device? This we answer in the affirmative; for amusement is a thing of value, for which more money is spent perhaps than for any other purpose. The appellant lays much stress on the fact that play of his device by the use of his tokens or checks but gives amusement to his patrons, but if this be the controlling factor inducing continuous play, amusement is not furnished all patrons in the same quantity at the same cost; and therein lies the vicious element of one's obtaining something for nothing.

We are further unable to lay aside the facts that a vending machine can be and is a simple device; that the lure and chance in the appellant's machine is there to appeal to the gambling propensity in us; its amusement features are unnecessary in a simple vending machine; and that it may without change pay money or merchandise for tok-

·ens, if a lessee should have a moral lapse and breach his contract with the owner and without the owner's knowledge or consent.

The appellant in his brief makes remark in advancing the case of Soper v Michal, 123 Md. 542, that "In view of the fact that the laws of Maryland relative to gambling are quite similar to ours, the decision becomes quite persuasive." In answer thereto we would direct attention to a more recent adjudication from that state appearing in 144 Atl. 239, it being the case of Gaither v Cate, which is directly in point on the facts, reason and the law, which we apply herein.

This machine strongly appeals to the young and unsophisticated and fosters and encourages them to engage in games of chance, which the legislature has sought to repress. We, therefore, find it to be an evil chattel and there is no property right therein which this, a court of equity, recognizes or proposes to protect. It is a gambling device, produced for the purpose of circumventing the intent and purpose of the statutes enacted contrary thereto.

We find nothing in this case that should appeal to the conscience of a court of chancery and the petition is dismissed at appellant's costs.

LEMERT, J and MONTGOMERY, J, concur.