## SON v NESS

Ohio Common Pleas, Cuyahoga Co

Decided May 18, 1937

Turney, Stephens, Verhunce, Mihelich & Stephens, Cleveland, Hubert J. Turney, Cleveland, and Jesse Stephens, Cleveland, of counsel, for plaintiff.

Alfred Clum, Director of Law, Cleveland, Henry S. Brainard, Cleveland, Raymond F. Dacek, Cleveland, assistant directors of law, for defendant.

## OPINION

By HURD, J.

This is a case in equity coming before this court for final hearing on the plea of the plaintiff for an injunction against the defendant, Elliot Ness, as director of public safety of the city of Cleveland. The prayer of plaintiff's petition is that "this honorable court will by its mandatory injunction enjoin and prohibit the defendant from in any way interfering with the plaintiff's property, so long as same is used in a lawful way, and for a lawful purpose."

The original petition was filed in this case on the 22nd day of May, 1936, and the supplemental petition on the 12th day of April, 1937. In substance, plaintiff in his petition and supplemental petition alleges that he is engaged in the business of leasing, operating and selling mechanical machines for the vending and distribution of peanuts and candy; that he owns four of such machines, each of which is operated by the depositing of five cents and with respect to each of which any customer may by depositing five cents operate the machine purely for skill and amusement, and that in the event the operator is able by the exercise of skill and accuracy of the eye and hand to drive a marble into designated receptacle the said machine will return certain metal discs whereby the person so operating said machine can again operate without the payment of any coin or sum whatever and that the said machines are entirely lawful and are not gambling devices. The plaintiff further alleges in substance that the defendant as director of public safety of the city of Cleveland has issued an order by which he has directed that all persons having such machines shall remove the same from their premises by a certain date without any discrimination in favor of games of the innocent kind and character of those operated by the plaintiff; that the defendant threatens to interrupt the lawful business of the plaintiff and would in so doing take away the property right of the plaintiff without any judicial hearing or determination of the lawfulness of the operation of such measures instituted by the director of public safety, and without due process of law and contrary to rights guaranteed by the constitution of the state of Ohio and by the Federal Constitution. The plaintiff further complains that on the 7th of April, 1937, the defendant caused to be issued an order to George J. Matowitz, chief of police, who in turn transmitted said order to the inspector of police, directing the members of the police force of the city of Cleveland to inspect their respective territories and to confiscate machines inclusive of the machines of the type and character leased and operated by the plaintiff. The plaintiff further alleges that the defendant proposes to make no discrimination between legitimate articles of amusement and gambling devices but indiscriminately to classify all machines operated by coins as a gambling device, and that such action on the part of the director will cause irreparable injury to the plaintiff, and that he has no adequate remedy at law.

The defendant has filed an answer admitting that he is the director of public safety of the city of Cleveland, and that the plaintiff is the owner of certain machines, and that such machines will return metal discs or tokens, and that the same may be used to again operate the machine without the payment of any additional coins or sums and alleges that the said tokens or discs may have been used for other purposes. The defendant denies that the machines are games of skill and amusement but are gambling devices and are used for gambling machines in violation of §2980 of the Municipal Code of Cleveland and in violation of §13066, GC, both of which prohibit gambling and the use of any instrument and device, machine or thing, for the purpose of gambling. The defendant also admits that on April 7, 1937, he caused to be issued to George J. Matowitz, chief of the police of the city of Cleveland, an order pursuant to which order the said chief of police issued to the members of the police force a general order.

Inasmuch as we consider the general order to be of importance in connection with the consideration of this case, the same is set forth, as follows:

"GENERAL POLICE ORDER
"No. 200A    Headquarters    April 7, 1937
"Subject: Slot Machines.
"Jas. J. Hughes.
"Inspector of Police.
"Sir:
"Your attention is hereby directed to an

opinion rendered by Hon. Judge Celebrezze in the case of Geveras v The City of Cleveland et, 8 O.O. 178.

"In his opinion Judge Celebrezze ruled that machines such as the Multiple, Preakness, Derby Day and all other similar machines which return or eject a coin or token are gambling devices and that the operation of same is illegal and prohibited.

"Kindly notify members of the force to make a careful inspection of their territory and if they find any of these machines to confiscate them and forward them to the police property room as soon as possible. In cases where proper evidence is found that machines are used for gambling purposes, to make arrest and hold for court."

The defendant further alleges that the foregoing order was issued to members of the police force of the city of Cleveland and is a lawful and proper order and will be enforced within the confines of the city.

Upon the hearing the plaintiff offered certain testimony in support of his petition and supplemental petition showing that the plaintiff was engaged in the business of operating and leasing a certain number of machines as described in the petition. It did not appear from the testimony that any of the plaintiff's machines had been seized or confiscated by the enforcing officers of the city. Certain machines were introduced in evidence and operated in open court by the plaintiff.

Two of such machines were excluded from consideration because the said machines did not emit or return tokens and in open court counsel for the defendant stated for the record that the order as issued did not apply to such machines and that such machines were not to be seized. The plaintiff then presented in evidence and operated in open court a machine called "Bally Derby" which emitted or returned coins when operated as set forth by the plaintiff in his petition. At the conclusion of plaintiff's case the defendant moved that the petition of the plaintiff be dismissed and judgment rendered for the defendant for its costs, upon the ground that under the facts as presented a court of equity should not intervene, there being no irreparable injury shown and there being an adequate remedy at law, and that the court under the facts shown would be enjoining police officers in the performance of their police duties.

By agreement of counsel with the approval of the court the court reserved judgment on this motion pending the presentation of evidence by the defendant. This motion was again renewed at the close of the entire case. The evidence of the defendant was substantially to the effect that machines similar to the "Bally Derby" such as the "Preakness" so-called, where coins were emitted or returned had been confiscated in certain cases where the detectives in the employ of the city of Cleveland when operating said machines had been able to redeem the tokens by the purchase of merchandise from the proprietors of the places of business where said machines were installed. There was no evidence presented, however, showing that any of the machines of the plaintiff had been so confiscated.

At the conclusion of the hearing plaintiff requested the privilege of filing briefs which request was granted. Voluminous, extensive and thorough briefs have been filed by able counsel representing both parties. The court has given careful consideration to the briefs and arguments advanced by counsel. The first question presented for the consideration of the court is on the motion of the defendant for a dismissal of the petition hereinbefore referred to, on the grounds above set forth.

Reduced to its final analysis the complaint of the plaintiff is directed against the order issued by the chief of police as contained in his letter dated April 7, 1937 above set forth. This letter may properly be divided into three parts. The first part calls attention to an opinion of Judge Celebrezze of the Municipal Court of Cleveland to the effect that certain machines therein named which return or eject a coin or token are gambling devices, and that the same is illegal and therefore prohibited by law. The second part of the letter is an order to members of the police force to make a special inspection of their territory and if they find any of these machines to confiscate them and forward them to the police property room as soon as possible. The third part is that in cases where proper evidence is found that machines are used for gambling purposes to make arrest and hold for court.

The question therefore arises, should this court of equity by use of its power of injunction say to the director of public safety or to the chief of police, "You shall not issue such an order?" or, "If you do issue such an order you shall not put it into effect?" We think not. In our opinion this is a lawful order intended to carry out the provisions of the laws of Ohio and the ordinances of the city of Cleveland against gambling.

According to the letter and order complained of a court of competent jurisdiction in the city of Cleveland has declared that the use of certain machines constitutes gambling. The director of safety and the chief of police, relying upon the decision of that court, have proceeded to enforce the law by the issuance of the order complained of. Should this court of equity attempt to pass upon the merits of that decision and by granting an order by way of injunction effectively nullify or reverse the decision where the parties involved have not invoked their legal remedy by prosecuting error to the higher courts? Again, we think not. There is no evidence that the plaintiff has been injured or that he will suffer irreparable injury by reason of this order. If in the execution of the order of confiscation a machine of the plaintiff is seized or confiscated improperly or illegally he has a complete and adequate remedy at law.

Secs 12051-2 to 12074, GC, both inclusive, specifically provide for the recovery of personal property by the process known as replevin. These sections of the code in addition to providing for the return of personal property also provide for the assessment of damages for the unlawful detention thereof. In our opinion the remedy provided by law is full, adequate and complete. We are aware that there are some cases in Ohio wherein courts of equity assumed jurisdiction to consider the lawfulness of a police order, with respect to slot machines, but we find upon examination that in the majority of such cases the evidence was entirely different from the evidence presented here. In one such case, **Snyder v The City of Alliance, 41 Oh Ap 48, (10 Abs 279) 34 O. L. R. 544**, the evidence was to the effect that numerous replevin actions had been commenced and decided favorably to the plaintiff but notwithstanding such favorable decisions the police department continued to seize the property of the plaintiff. The Court of Appeals for Stark County, in that case, said that:

"In a proper case chancery courts may grant injunctive relief where police officers are without or abuse authority."

The point we are making here and which we wish to emphasize is that we do not consider the instant case a proper case for a chancery court to consider. There is no evidence in the record of police officers acting without authority or any abuse of authority. While in the case of Snyder

v City of Alliance, supra, the court entertained jurisdiction, that court decided adversely to the claims of the plaintiffs on the merits of the case holding that the machine in question was "an evil chattel and that there is no property right therein which this, a court of equity recognizes or proposes to protect. It is a gambling device, produced for the purpose of circumventing the intent and purpose of the statutes enacted contrary thereto. We find nothing in this case that should appeal to the conscience of a court of chancery, and the petition is dismissed, at appellant's costs."

In the case now before us, however, we find no reason to pass on the merits of the case. We do not even consider the question of whether the machine in this case is a gambling machine "per se." We do not pass upon the merits of the decision of the Municipal Court. This machine may or may not be a gambling device "per se" but that is not the question before us and we leave the parties where we find them. We do say, however, that the question attempted to be presentd here is for the courts of law. As a court of equity we shall not, on the evidence presented, hamper the law officers in any way, or impede their activity in the performance of their duty. We shall not attempt to substitute the judgment of this court for the judgment of the safety director or the chief of police. It is so well settled that the judicial branch of the government will not substitute its judgment for the judgment of the administrative or executive branch of the government that the citation of authorities on the subject would be superfluous.

The right of injunction inherent in a court of equity and as granted by statute is a most powerful judicial weapon. It should be used sparingly, with caution, with all proper safeguards and with self-imposed judicial restraint. The history of the process of injunction has shown at times a too frequent exercise of this power. So much so in some instances as to amount to a substitution of government by judicial decree or government by injunction for the regular and normal processes and functions of government.

The power of a court of equity to issue injunction resting as it does upon fundamental and sound principles of justice and equity should not be impaired by too free an exercise of such power. This does not mean that a court should hesitate in a proper case to give full and adequate relief by injunction to right a wrong or to pre-

vent threatened irreparable injury where the ordinary processes of law are not full, adequate and complete. The processes of equity supply the need to prevent wrong and injustice, to protect rights, and to prevent injury, present or threatened where the law is weak or inadequate for these purposes. It is and should be used as a protecting mantle or as a shield to prevent injury but never as a sword or a weapon to inflict injury. We feel that we would be inflicting an injury upon the people of the city of Cleveland were we even by indirection to say to their police officers, "You shall not enforce the law," or, "You shall do so at your peril."

Entertaining these views the motion of the defendant at the close of the entire case for judgment is granted on the ground that there is not a reasonable apprehension of an irreparable injury and the further ground that there is a full complete and adequate remedy at law; and on the further ground that an injunction, granted as prayed for would be an unwarranted interference with law enforcing officers in the performance of their duty.