The defendant is adjudged not guilty on all counts of the indictment.

## WELLS v. CITY OF NORWOOD et al.

Common Pleas Court, Hamilton County.

No. A-126133.   Decided September 21, 1951.

Julius R. Samuels, Cincinnati, for plaintiff.
Joseph W. Shea, Jr., City Sol., Norwood, for defendants.

## OPINION

By BADER, J.

This case is before the Court on the motion of the defendant for a judgment on the pleadings.

The plaintiff in his petition sets forth the necessary preliminary allegations to institute a taxpayers' suit.

The plaintiff further alleges that the Director of Public Service and Safety acting under authority of a certain ordinance, No. 27-1948, issued licenses for hundreds of "pinball machines" which are "operated by the insertion of a coin disc or other similar metal, which registers or may register a score after the insertion of such disc, coin or other metal, which machines are adapted for, can be and are being used as gambling devices for gambling purposes."

The plaintiff further alleges that the City of Norwood has expended large sums of money for clerical help, etc. and will continue to make such expenditures unless the defendants are restrained "from further operation and enforcement of the ordinance aforesaid." ·

The plaintiff further says that the defendants are licensing gambling devices within the meaning of §§13056 and 13066 GC, and that the ordinance is contrary to the Constitution of the State of Ohio, and that the City of Norwood is acting beyond its powers as a municipality; and that the entire ordinance, and particularly that part thereof which has to do with the licensing of the machines, is invalid, void and of no effect.

Plaintiff says that he has no adequate remedy at law.

The plaintiff then prays: "* * * that the defendants and each of them be restrained from issuing any further licenses in pursuance of said ordinance; from spending any public money, directly or indirectly, for the issuance of licenses, the keeping of books, records, clerical help, inspectors, in the enforcement of said ordinance; that said ordinance be declared to be void, illegal and of no force or effect; that all licenses heretofore granted and now outstanding under said ordinance be cancelled and be declared null and void and for all other relief to which plaintiff may be entitled in the premises, * * *"

The defendant, the City of Norwood, filed an answer wherein it admits the preliminary allegations in plaintiff's petition, and that the Norwood City Council on June 8, 1948, enacted Ordinance No. 27-1948 which provided for the licensing and regulating of "pin ball machines" and sets forth the ordinance verbatim.

The defendant further admits the plaintiff is a taxpayer, and the Director of Public Service issued some licenses for the operation of certain mechanical devices known as pin ball machines; that all licenses were issued for pin ball machines used by the public for amusement purposes pursuant to the terms of the ordinance.

The plaintiff filed his reply denying each and every allegation in defendants' answer not in plaintiff's petition contained.

In the case of **Hummel v. Columbus Baseball Club, 71 Oh Ap p. 321,** the Court said on page 328, 49 N. E. 2d 773, at page 776: "A motion by defendant for a directed verdict, made at the close of the plaintiff's evidence, raises a question as to the legal sufficiency of the evidence adduced to go to the jury, and should be overruled if the evidence is such that

reasonable minds may differ as to the inference to be drawn therefrom. The same rule is applicable when a motion is interposed for a judgment upon the pleadings."

The pertinent parts of Ordinance No. 27-1948 of the City of Norwood which the plaintiff seeks to have declared to be "void, illegal and of no force and of no effect" as well as unconstitutional, reads as follows:

Section I. Pin Ball and Similar Amusement Machines.

"No person, firm or corporation shall engage in the business of selling, leasing, renting, operating or exhibiting pin ball machines, without first obtaining a license to do so, and conforming to the regulations of this ordinance, nor shall any person, firm, or corporation who owns any pin ball machines permit said machines to be sold, distributed, leased, rented, operated or exhibited without first obtaining a license to do so and conforming to the regulations applying to owners engaged in such business.

"Section II. Definitions. For the purpose of this ordinance the terms defined in the following sub-sections shall have the meaning therein assigned.

"(a) 'Pin Ball Machine' shall include bagatelles, marble machines, and any similar amusement devices operated by the insertion of a coin, disc, or other insertion piece, and which register or may register a score after the insertion of such coin, disc, or other insertion piece; it shall not include coin operated vending machines, music machines, motion picture machines, or machines or devices used bona fide and solely for the vending of service, food or merchandise.

"Section VI. Mechanical Requirements.

"No license shall be issued for any pin ball machine which is so constructed as to make possible, either directly, or by the use of an adjustment the return of cash, tickets, discs or other tokens, or certificates of any kind to a player operating the same whether or not such tokens or certificates have a value of any kind, or authorize further playing or other privileges. Only machines operated exclusively for amusement provided by the operation thereof shall be licensed.

"Section XIII. Revocation of Licenses.

"Should any owner, distributor, or exhibitor violate or fail to comply with any of the provisions of this Ordinance, it shall be the duty of the Director of Service-Safety to revoke his licenses.

"Section XIV. Seizure and Destruction of Pin Ball Machines.

"Nothing herein contained shall be construed as limiting or impairing the authority to seize and destroy any pin ball

machine which is used or operated as a gambling device contrary to the laws of the State of Ohio, or the Ordinances of the City of Norwood. Any such machine so used, or operated may, in the discretion of the Director of Public Service-Safety, or the Chief of Police of the City of Norwood, be seized and destroyed as in the case of gaming devices."

Sec. 13056 GC reads as follows: "Permitting gaming upon device for gain in house, etc. Whoever permits a game to be played for gain upon or by means of a device or machine in his house or in an outhouse, booth, arbor or erection of which he has the care or possession, shall be fined not less than fifty dollars nor more than two hundred dollars."

Sec. 13066 GC reads as follows: "Exhibiting gaming device for gain. Whoever keeps or exhibits for gain or to win or gain money or other property, a gambling table, or faro or keno bank, or a gambling device or machine, or keeps or exhibits a billiard table for the purpose of gambling or allows it to be so used, shall be fined not less than fifty dollars nor more than five hundred dollars and imprisoned not less than ten days nor more than ninety days, and shall give security in the sum of five hundred dollars for his good behavior for one year."

Article XVIII, Section 3 of the Constitution of the State of Ohio reads as follows: "(Powers.) Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

The plaintiff in this case asks that the ordinance in question be declared void, illegal, of no force and effect because it is contrary to the general laws and the Constitution of the State of Ohio.

The question before the Court is not whether or not gambling has taken place with "pin ball machines" which have been licensed but whether or not the ordinance which provides for the license is in violation of the general laws of the State of Ohio and is therefore void.

Section I of the ordinance in question provides for the license for operating and exhibiting "pin ball machines" without first obtaining a license to do so.

Section II (a) defines a "pin ball machine" as an amusement device which registers or may register a score after the insertion of a coin, disc or other insertion piece.

Section VI provides that no license shall be issued for any "pin ball machine" which is so constructed as to make possible,

either directly, or by the use of an adjustment the return of cash, tickets or other tokens or certificates of any kind to a player whether such tokens or certificates have a value of any kind or not, or authorize further playing or other privileges. **"Only machines operated exclusively for amusement provided by the operation thereof shall be licensed."**

Section XIII provides for the revocation of the license if the exhibitor or distributor violates any of the provisions of this ordinance.

Section XIV provides for the seizure and destruction of pin ball machines as in the case of gaming devices if the machine is used as a gambling device contrary to laws of the State of Ohio.

There can be no question that a municipality has the right to pass ordinances to provide for the health, morals, peace and welfare of the community provided they are not unreasonable, do not interfere with private constitutional rights or are in violation of the State Laws. **Froelich v. City of Cleveland, 99 Oh St 376, Syl. 3, 124 N. E. 212; Village of Struthers v. Sokol, 108 Oh St 263, Syl. 1 and 2, 140 N. E. 519; City of Youngstown v. Sandela, 108 Oh St 263, Syl. 1 and 2, 140 N. E. 519; City of Youngstown v. Evans, 121 Oh St 342, Syl. 1, 168 N. E. 844.**

Gambling is entering into a game of chance where one plays for money or other property of value or he may or may not receive some additional benefits. The Court, in the case of **Snyder v. City of Alliance**, held that "amusement is a thing of value." See **41 Oh Ap 48, 179 N. E. 426, 428.**

" 'A gambling device' is an instrument or machine which permits one to play so that he may win or lose money or other property of value." See Gevaras v. City of Cleveland, 1 Ohio Supp. 144, 145.

The petition asks that the ordinance be declared null and void and that the defendants be restrained from issuing any further licenses and from spending public funds therefor, and from the enforcement of the ordinance. Before this can be done the ordinance must be in violation of the general laws or the Constitution of the State of Ohio.

The ordinance specifically provides that no license shall be issued for any pin ball device which returns discs, tokens or other certificates of any kind to the player or authorize further playing or other privileges and that only machines operated exclusively for amusement shall be licensed.

It would naturally follow then that any license issued for a machine which returns anything of value by way of tokens, discs or money would be contrary to the ordinance and the

operation of such a machine would be contrary to the laws of the State of Ohio and subject to the penalties assessed thereby.

Can it be said that a machine constructed solely for amusement without provision made for the return of additional money, discs or anything of value is in itself a gambling device?

Of course such an instrument could be used for gambling in the same manner as any other article which is not intended for gambling purposes, which could include gum vending machines which contain different colored gum balls. There is nothing to prevent individuals from wagering on what colored gum ball would be delivered when a coin is inserted.

In the same manner a "pin ball machine" which is not constructed for gambling purposes could be used in this manner between individuals who would wager on the high score. There could, of course, be some understanding between the operator or owner of the machine to pay certain sums if a certain score is reached. These instances cited would be a violation and punishable under the gambling laws of our State if the facts could be proven.

In the case at bar, however, the Court is not called upon to determine whether gambling has existed or if there has been a violation of the law. It is called upon solely to determine if the ordinance is contrary to the general laws of the State or its Constitution.

The ordinances in question do not license "pin ball machines" which return anything of value. It licenses "pin ball machines" which are used for the purposes of amusement. Can it be said that any toy or machine which is constructed for amusement only, but which could be used by individuals for gambling purposes, is a gambling device per se?

It is the opinion of the Court that a "pin ball machine" which is not constructed in such a manner as to provide for the return of something of value is not a gambling device per se, and that the licensing of such machines is not contrary to the laws or the Constitution of the State of Ohio.

Accordingly, the Court is of the opinion that Ordinance No. 27-1948 of the City of Norwood is not contrary to the laws or the Constitution of the State of Ohio and is a good and valid ordinance; that the pleadings are such that evidence is not necessary to determine the issues, and that reasonable minds would not differ as to the conclusion to be drawn therefrom; that the motion for a judgment on the pleadings is well taken and should be granted and judgment entered in favor of the defendants.